**STATE of Iowa, Appellee,**

v.

**Ronnie Kay MATLOCK, Appellant.**

**No. 62885.**

Supreme Court of Iowa.

March 19, 1980.

William H. Gilliam, of Gottschalk & Gilliam, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Kathy Krewer, Asst. Atty. Gen., and James Bauch, Asst. Black Hawk County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, REESE, UHLENHOPP and McGIVERIN, JJ.

REES, Justice.

The defendant, Ronnie Kay Matlock, appeals from his conviction of second degree robbery in violation of section 711.3, Supplement to the Code 1977. We reverse and remand this case to the district court for resentencing of the defendant.

On April 21, 1978, a trial information was filed charging defendant with robbery in the second degree. He appeared, pled not guilty and waived his right to a jury trial. After trial to the court, Judge C. W. Antes presiding, findings of fact, conclusions of law, judgment and decree rendered on July 17, 1978, the court finding the defendant guilty as charged. On November 2, 1978, Judge Karl Kenline sentenced the defendant to ten years in prison subject to the minimum sentencing provision of section 902.7, Supplement to the Code 1977, regarding forcible felonies during which a person represents that he or she is "in the immediate possession or control of a firearm". Following a motion for resentencing, Matlock made a timely appeal to this court.

Evidence admitted at trial discloses that on the evening of April 20, 1978, a person later identified as the defendant entered Taco John's restaurant and began pushing buttons on the cash register. Assistant manager of the establishment, Julie Ann Weekly, identified Matlock by name, having

known him as the next door neighbor of a cousin. When confronted by the employees, the person stuck his hand in his shirt and demanded the money from the cash register. The employees present at that time (assistant manager Julie Ann Weekly and Sue Jones) proceeded to the back of the building and pressed a silent alarm button. In the meantime, the thief took money from the cash register and fled from the building.

The police responded almost immediately and apprehended the defendant in the parking lot of the establishment. When ordered to raise his arms, the defendant dropped a quantity of currency and change on the ground. While being transported to the law enforcement center and before being informed of his rights, Matlock repeatedly asserted his innocence, alleging that a John Epps had robbed the establishment. The police officers present in the car transporting defendant to the law enforcement center testified that defendant's statements were not in response to any questioning on their part. After being informed of his rights, Matlock again maintained his innocence and claimed that one Edward Tillman had committed the robbery.

At trial defendant objected to the admissibility of the statements made before he had been informed of his rights, contending that *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), barred their admission.

At the close of the State's case, Matlock moved for an acquittal alleging, among other grounds, that the State had not proved the robbery was "against Julie Ann Weekly as agent of Taco John's". He also challenges the sufficiency of the evidence and the trial court's findings of fact to support its conclusion that he had represented he was in the immediate possession and control of a firearm and that section 902.7 was therefore applicable.

The defendant presents the following issues for our consideration:

(1) Should statements made by defendant to police officers upon his arrest and prior to being informed of his rights not have

been admitted into evidence due to the failure of the officers to inform Matlock of his *Miranda* rights?

(2) Was there sufficient evidence in the record for the trial court to conclude that a robbery had been committed "against Julie Ann Weekly as agent of Taco John's"?

(3) Were the findings of the district court sufficient to conclude beyond a reasonable doubt that the defendant represented he was in possession of a firearm at the time of the commission of the offense?

■ I. Matlock first contends the trial court erred in admitting evidence of statements he made to the police before being informed of his rights. As he raises an issue of constitutional proportions, our review of the trial court's ruling is de novo, and we will make our own evaluation of the totality of the circumstances. *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975). We find no error in the ruling of the trial court.

It is clear defendant was not informed of his *Miranda* rights prior to making the statements in question. Matlock contends this is a fatal omission regarding their admissibility. The State contends his statements were not the product of "custodial interrogation" and that *Miranda* is therefore inapplicable. We find the State's argument compelling under these facts.

We have held that *Miranda* warnings must be given to an individual before the initiation of custodial interrogation if statements made during the course of that questioning are to be admissible into evidence. *State v. Hansen,* 286 N.W.2d 163, 168–69 (Iowa 1979). Custodial interrogation has been defined as *"questioning initiated by law enforcement officers* after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way". *Miranda v. Arizona,* 384 U.S. at 444, 86 S.Ct. at 1612, 16 L.Ed.2d at 706; *Bizzett v. Brewer,* 262 N.W.2d 273, 277 (Iowa 1978); *State v. Kyseth,* 240 N.W.2d 671, 673 (Iowa 1976) (emphasis added).

■ While Matlock was in custody of the police officers immediately following his ar-

rest, the record does not show that he was being questioned by the police officers at that time. The officer accompanying Matlock to the law enforcement center testified he did not ask the defendant any questions. We can but conclude the statements made by Matlock were not the product of custodial interrogation and thus not subject to the exclusionary rule set out in *Miranda.* We reached a similar result in *State v. Brown,* 261 Iowa 656, 155 N.W.2d 416, 419 (1969), in which we held that statements made by a defendant while in custody in a patrol car were volunteered and not subject to exclusion under *Miranda.* Also, as the record does not disclose that the statements were compelled by the officers in any way, the holding of the United States Supreme Court in *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), does not aid the defendant.

We conclude the statements in question were volunteered by the defendant and not the product of police-initiated interrogation. We therefore hold the trial court did not err in admitting evidence of such statements into evidence.

■ On appeal the defendant seeks to expand his objection to the admissibility of the statements to include hearsay grounds. Defendant's objection at trial dealt only with the aforementioned constitutional issue. Our review is limited to the grounds asserted before the trial court. *State v. Whiteside,* 272 N.W.2d 468, 472 (Iowa 1978); *State v. Fowler,* 248 N.W.2d 511, 517 (Iowa 1976). As error was not preserved on the hearsay grounds, we now turn our attention to the remaining issues stated for review.

II. Matlock next contends the trial court erred in overruling his motion for a directed verdict of acquittal, alleging the State failed to prove that a theft had been intended "against Julie Ann Weekly as agent of Taco John's". He argues that section 711.1, The Code Supplement 1978, the robbery statute, requires an intent to commit a theft and that the State did not prove he intended to commit a theft against Julie Ann Weekly. For the following reasons, we do not find merit in Matlock's argument.

It is true our robbery statute requires that certain acts be committed while a defendant intends to commit a theft. *See* section 711.1, The Code. Matlock contends the State did not show he intended a theft from Julie Ann Weekly as agent of Taco John's. One initial difficulty with this position is that defendant has again wandered beyond the scope of his motion at trial. In his motion, Matlock challenged the sufficiency of the proof establishing Taco John's as a business entity and questioned the "custodial" capacity of the employees only insofar as it related to determining the amount of property taken. We will address defendant's contentions regarding this issue only to the extent they were raised before the trial court. *See Whiteside; Fowler.*

■ The evidence establishes that Taco John's is a "restaurant" or "quick food place" in Waterloo, and Julie Ann Weekly was the assistant manager in charge the night the robbery was committed, her duties including operation of the cash register. Viewing the evidence, as we must, in the light most favorable to the State, *State v. Evans,* 169 N.W.2d 200, 202 (Iowa 1969), we conclude the evidence establishes both the existence of Taco John's and of an agency relationship between Taco John's and Julie Ann Weekly. *See, e. g., Pillsbury Co. v. Ward,* 250 N.W.2d 35, 38 (Iowa 1977); *Associates Discount Corporation v. Goetzinger,* 245 Iowa 326, 300, 62 N.W.2d 191, 193 (1954); *Huismann v. Althoff,* 202 Iowa 70, 78, 209 N.W. 525, 528 (1926).

■ We further note that theft as defined in section 714.1(1), The Code, includes taking "control of the property of another, or property in the possession of another". *See State v. Calhoun,* 72 Iowa 432, 435–36, 34 N.W. 194, 196 (1897); *see also,* R. Perkins, Criminal Law, 240–41 (2d ed. 1969). The record before the trial court adequately supports its finding that Matlock intended to take the contents of the cash register which were in the possession of Julie Ann Weekly as the agent of Taco John's. Defendant's contentions regarding

Taco John's and the "custodial" capacity of the employees, particularly Julie Ann Weekly, are without merit.

III. The defendant's final contention of error involves the adequacy of the findings of fact of the trial court at the conclusion of the trial to the bench. The trial court found that Matlock stuck his hand in his shirt while demanding the money in the cash register, but did not specifically find, or conclude beyond a reasonable doubt that Matlock represented he "was in the immediate possession and control of a firearm". The defendant contends the sentencing judge erred in applying section 902.7[1], which calls for a minimum five-year sentence upon such a specific finding by the trial court. We find merit in Matlock's position and reverse and remand this case for resentencing by the district court.

█ In its findings of fact the trial court found the defendant "put his hands inside his shirt, and said he wanted money". There is no other language in the findings and conclusions from which one could infer that Matlock represented he "was in the immediate possession and control of a firearm" as is required by the applicable part of section 902.7 or that such a conclusion was found beyond a reasonable doubt. The district court judge presiding at the sentencing, who did not preside at defendant's trial, made the requisite findings *at that time* in applying section 902.7. We conclude, as argued by the defendant, that the findings and conclusions of the trier of fact are inadequate to support the application of the section 902.7 maximum sentence provision in this case.

As stated in the statute, which we have not previously construed in this regard, *see State v. Sanders,* 280 N.W.2d 375 (Iowa 1979), the trier of fact must find beyond a reasonable doubt that a person is guilty of a forcible felony *and* that the person represented he or she possessed a firearm at that time or displayed or was armed with a firearm while participating in the forcible felony. These findings must be made by the trier of fact, either the jury or the court, before section 902.7 can come into play. Here the district court as trier of fact found, beyond a reasonable doubt, that the defendant had committed the forcible felony of robbery in the second degree. It did not find beyond a reasonable doubt that Matlock had represented he was in the immediate possession of a firearm. Nowhere in the district court's conclusions of law is there mention of section 902.7 and its applicability to the case before it. Given this record, we can but conclude that the latter of the requisite findings for the application of section 902.7 was not made. Any inference which may have been drawn from the "hands in shirt" testimony and finding was for the trier of fact, and not this court, to draw.

██ Nor does the fact that the necessary findings were incorporated by the sentencing judge in his order serve to remedy any inadequacies in the findings and conclusions of the trier of the fact. As mandated by the statute, the requisite findings are to be made *at trial by the trier of fact.*[2] The

---

1. 902.7 MINIMUM SENTENCE—USE OF A FIREARM. At the trial of a person charged with participating in a forcible felony, if the trier of fact finds beyond a reasonable doubt that the person is guilty of a forcible felony and that the person represented that he or she was in the immediate possession and control of a firearm, displayed a firearm in a threatening manner, or was armed with a firearm while participating in the forcible felony the convicted person shall serve a minimum of five years of the sentence imposed by law. A person sentenced pursuant to this section shall not be eligible for parole until he or she has served the minimum sentence of confinement imposed by this section.

2. Although the issue is not directly presented in this appeal, we note that the potential application of section 902.7 adds an additional factual issue to trial of which the defendant should be given notice and the opportunity to present evidence. *Cf. United States v. Clemons,* 142 U.S.App.D.C. 177, 181, 440 F.2d 205, 209 (D.C. Cir. 1970) (defendant in a criminal proceeding must be given notice and an opportunity to be heard regarding the applicability of a recidivist statute which would enhance his sentence.) *Wessling v. Bennett,* 410 F.2d 205, 209 (8th Cir. 1969) ("Defendant of course must be given reasonable notice of the recidivist charge prior to the hearing upon such issue and must be given a fair hearing thereon.").

sentencing court was not in a position to make the section 902.7 findings. We hold that the findings and conclusions of the trier of fact do not justify or support application of section 902.7 to the defendant, and that the court erred in considering section 902.7 in sentencing the defendant.

Matlock's sentence was determined, in part, by application of section 902.7. Application of that statutory minimum was inappropriate under the foregoing analysis and the sentence is rendered void due to the deviation from the statutory requirements. *State v. Krivolavy,* 258 N.W.2d 157, 158 (Iowa 1977); *State v. Wiese,* 201 N.W.2d 734, 737 (Iowa 1972); *State v. Shilinsky,* 248 Iowa 596, 602, 81 N.W.2d 444, 448 (1957). As we are unable to sever or separate the valid portion of the sentence from that which is invalid, *see State v. Krivolavy; State v. Edwards,* 255 Iowa 446, 447, 123 N.W.2d 4, 5 (1963), we must vacate the judgment of the district court and remand the case for resentencing of the defendant without consideration of section 902.7, The Code. *See State v. Hildebrand,* 280 N.W.2d 393, 397 (Iowa 1979); *State v. Jackson,* 204 N.W.2d 915, 917 (Iowa 1973). We do not suggest what the sentence should be as that determination lies in the discretion of the trial court. *See State v. Thompson,* 275 N.W.2d 370, 372 (Iowa 1979).

IV. In conclusion we hold: (1) the trial court did not err in admitting statements made by the defendant before he was informed of his rights as they were voluntary and not the product of custodial interrogation; (2) the State carried its burden of proof in showing that a robbery had been committed against "Julie Ann Weekly as agent of Taco John's"; and (3) the sentencing court erred in applying section 902.7, The Code, to the defendant due to the lack of the requisite findings by the trier of fact. We therefore vacate the judgment of the district court and remand this case for the resentencing of the defendant.

AFFIRMED IN PART; SENTENCE VACATED; REMANDED FOR RESENTENCING.