STATE of Iowa, Appellee,

v.

Ronnie Kay MATLOCK, Appellant.

No. 65454.

Supreme Court of Iowa.

April 15, 1981.

W. H. Gilliam of Rapp & Gilliam, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and James C. Bauch, Asst. County Atty., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Even though the court imposed the minimum sentence possible, should this case be remanded for resentencing because the court failed to state on the record its reasons for the sentence? We believe not and affirm because any error did not harm defendant.

Defendant Ronnie Kay Matlock was convicted after trial to the court of second-degree robbery in violation of section 711.3, Code Supp.1977. His sentence included a mandatory minimum term of confinement. We previously affirmed the conviction in *State v. Matlock*, 289 N.W.2d 625 (Iowa 1980). We also vacated the sentence and remanded for resentencing without consideration of section 902.7, which provides for a mandatory minimum sentence for forcible felonies involving use of a firearm, because the trier of fact did not find that a firearm was involved in the robbery as required by that section. *Id.* at 629–30.

After remand, the trial court held another sentencing hearing. The court sentenced defendant under sections 711.3 and 902.9(3) to be confined for an indeterminate term not to exceed ten years. The court did not comply with Iowa R.Crim.P. 22(3)(d) which provides "The court shall state on the record its reason for selecting the particular sentence."

Defendant appeals his sentence and contends that because the court did not state its reasons for the sentence imposed, we must remand for resentencing again. Iowa R.Crim.P. 22(3)(d). On the other hand, the State asserts the sentence given defendant was the minimum possible under the sentencing statutes; therefore any error in failing to state the reason was harmless. We agree with the State.

We have remanded several cases for resentencing when the court failed to state its reasons for a sentence on the record as required by rule 22(3)(d). *E. g., State v. Pierce*, 287 N.W.2d 570, 575 (Iowa 1980); *State v. Luedtke*, 279 N.W.2d 7, 8 (Iowa 1979). However, the harmless error contention has not been previously raised by the State or decided by us.

Matlock's sentence to an indeterminate term in prison not to exceed ten years was the minimum possible under the statutes. He was convicted of second-degree robbery, a class "C" felony, in violation of section 711.3. "A class 'C' felon, not an habitual offender, shall be confined for no more than ten years, and in addition may be sentenced to a fine of not more than five thousand dollars." § 902.9(3). The trial court must sentence him to the indeterminate term. § 902.3; *State v. Dohrn*, 300 N.W.2d 162 (Iowa 1981). Matlock was not fined. A sentence to a specific term or indeterminate term of less than ten years would have been void. *See State v. Broten*, 295 N.W.2d 453, 455 (Iowa 1980).

The trial court's discretion is also limited because robbery is a forcible felony. § 702.11. A deferred judgment or suspended sentence with probation is not available to a person convicted of a forcible felony. § 907.3. Without statutory authorization, the court had no discretion to grant probation. *State v. Howell*, 290 N.W.2d 355, 357 (Iowa 1980).

The main purpose of the requirement in rule 22(3)(d) that a court state its reason for a particular sentence is to allow us to review the sentence to determine if there has been an abuse of discretion. Other practical considerations in requiring a statement of reasons are as follows: a good sentence is one which can reasonably be explained; knowing why the court imposed a particular sentence is of value to corrections authorities; and the explanation has a possible therapeutic effect on a defendant, although this latter consideration has been questioned. American Bar Association, *Appellate Review of Sentences* § 2.3, Comment (e) at 45–47 (1968). Trial courts should comply with rule 22(3)(d) and state the reason for the sentence in every case. If the court has no discretion in sentencing, it should so state.

In the present case, there could be no abuse of discretion since the court lacked the power to enter a less severe sentence. The error of the court in failing to state its reason did not harm defendant. A remand for resentencing could not change the sentence required under the relevant statutes. We therefore affirm the sentence imposed by the trial court.

The cost of printing defendant's brief, which was filed December 1, 1980, exceeds the $3.00 per page allowed by our rules. *Lucas v. Pioneer, Inc.*, 256 N.W.2d 167, 180 (Iowa 1977); Iowa·R.App.P. 16(c). We note that rule 16(c) has been amended to allow reasonable printing costs, not to exceed $4.00 per page, to be taxed as costs for briefs filed after January 1, 1981.

AFFIRMED.