**STATE of Iowa, Appellee,**

v.

**Rick Eugene BEATTY, Appellant.**

**No. 64926.**

Supreme Court of Iowa.

May 13, 1981.

Stanford J. Patterson of Patterson Law Firm, Waterloo, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, McCORMICK, ALLBEE and SCHULTZ, JJ.

LeGRAND, Justice.

In this appeal defendant contends he was convicted of violating section 204.401(3), The Code 1979, only because the state was permitted to introduce evidence which should have been suppressed. We affirm the trial court.

Early in the morning of October 11, 1979, while on his way to report for duty, a Waterloo police officer, Robert Greenlee, observed several young people in the East High School parking lot under circumstances which made him suspect they were drinking intoxicating liquor. After arriving at the police station, the officer obtained an unmarked police car, enlisted the help of Officer Jack Lockett, and the two then drove to the school to investigate. There were only two cars in the parking lot. They were parked next to each other. On top of one was a green bottle, which appeared to the officers to contain wine, although it was never identified as such.

The officers got out of their car and walked toward the two parked vehicles. One was a Dodge Dart occupied by four young people; there were three persons in the other car, a Volkswagen. Officer Jack Lockett testified that as he approached the side of the Dart, he could smell marijuana. The window of the car was rolled down. Defendant was one of two back-seat passengers. Officer Lockett testified he looked in the vehicle and observed a plastic baggie containing a green substance which, from prior experience, he assumed to be marijuana. The baggie was lying on defendant's knee, and defendant made some surreptitious move to secrete it. The officer reached through the open window and confiscated the baggie. The officer directed defendant to get out of the car and arrested him. Either he or Officer Greenlee obtained from one of the other occupants the pipe apparently used by defendant and others in smoking marijuana that morning.

This appeal concerns, first, the propriety of the officers' confiscation of the baggie, which upon later analysis proved, as suspected, to be marijuana; and, second, whether a statement made by defendant at the time he was in custody was admissible against him at trial.

■ I. We consider the question of confiscating the marijuana first. Defendant argues there was an illegal search and seizure which violated his rights under the fourth amendment to the federal constitution. He contends his motion to suppress the evidence taken at the scene should have been sustained. Defendant's argument is without merit. This is not a case of an investigatory stop, when officers must have probable cause before subjecting a motorist to police investigation. *See State v. Donnell,* 239 N.W.2d 575, 577–78 (Iowa 1976); *State v. Simmons,* 195 N.W.2d 723, 724–25 (Iowa 1972). In fact, the case involves no search at all, only a seizure. *State v. King,* 191 N.W.2d 650, 655 (Iowa 1971), *cert. den.* 406 U.S. 908, 92 S.Ct. 1617, 31 L.Ed.2d 819 (1972).

The cars were already parked in a parking area open to a large segment of the public where defendant had no reasonable expectation he would be free from observation. In approaching the parked vehicles, the officers were not violating any constitutionally protected rights of the occupants. *State v. Harlan,* 301 N.W.2d 717, 720 (Iowa 1981). When the officer detected an odor of marijuana coming from the car and saw what appeared to be a packet of marijuana,

he had reasonable grounds to arrest defendant. Section 804.7, The Code 1979. Our question, then, is whether Officer Lockett was justified in seizing the substance incident to defendant's arrest.

Defendant argues Officer Lockett took the marijuana *before* arresting him and that it was therefore not taken incident to his arrest. In other cases we have refused to split hairs on the precise timing of arrest and seizure. The officer approached the vehicle; he smelled burning marijuana; he saw the package of marijuana in the car. At that point he seized the substance and promptly arrested defendant. This was all accomplished in a few seconds and constituted a continuing series of events. Under such circumstances, we decline to separate the seizure from the arrest. *State v. Johnson,* 232 N.W.2d 477, 479 (Iowa 1975). In *Johnson* we quoted this with approval from *United States v. Skinner,* 412 F.2d 98, 102–03 (8th Cir. 1969), *cert. den.* 396 U.S. 967, 90 S.Ct. 448, 24 L.Ed.2d 433 (1970):

> "The government contends that the police officer had probable cause to arrest the defendant and the fact that the search may have preceded the formal arrest by a few moments is irrelevant. We believe its position is a sound one.
>
> " * * *
>
> "The search is valid whether it took place moments before or moments after the arresting officer took the suspect into actual custody or announced his intention of doing so. * * * "

The *Skinner* rationale is applicable in the present case. We hold the seizure was valid, and the trial court correctly allowed the evidence thus obtained to be used against defendant at his later trial.

II. This brings us to the statement made by defendant while in custody, when he admitted the marijuana belonged to him. Defendant insists the statement was made in violation of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The *Miranda* warnings were not given and the State concedes any admission obtained from the defendant by custodial interrogation in the absence of such warnings would be inadmissible. The question is whether there was custodial interrogation as defined in *Miranda.*

Defendant was taken to the police station, where Officer Greenlee took him into the juvenile room. At that time the officer incorrectly assumed defendant was a juvenile. There he questioned defendant concerning his name, address, and telephone number. Defendant told the officer he wanted to call his mother. The officer talked with the defendant's mother, advising her the reason why her son was at the station. According to the officer, defendant changed completely after talking to his mother. He immediately became upset and distressed. He cried and became visibly agitated. He expressed fear his parents would "kick him out" because he had been in trouble before. Officer Greenlee testified he became concerned about defendant's condition. At this point defendant "blurted out" that the seized marijuana was his. There was no interrogation after the phone call and the statement was not in response to any inquiry, direct or indirect.

■ We review the case de novo. *State v. Matlock,* 289 N.W.2d 625, 627 (Iowa 1980); *State v. Folkens,* 281 N.W.2d 1, 3 (Iowa 1979). The only interrogation of defendant was to determine his name, address, and telephone number. Obtaining this type of incidental identifying information from one in custody is not the type of interrogation which *Miranda* seeks to avoid. *See United States ex rel. Hines v. LaVallee,* 521 F.2d 1109, 1112–13 (2d Cir. 1975), *cert. den.* 423 U.S. 1090, 96 S.Ct. 884, 47 L.Ed.2d 101 (1976); *State v. Matlock,* 289 N.W.2d 625, 627–28 (Iowa 1980). We quote from *LaVallee* as follows:

> Despite the breadth of the language used in *Miranda,* the Supreme Court was concerned with protecting the suspect against interrogation of an investigative nature rather than the obtaining of basic identifying data required for booking and arraignment. This view is confirmed by the most recent draft of the American Law Institute's Model Code of Pre-Arraignment Procedure § 140.8(5) (April 1,

1974), which would limit *Miranda*-type safeguards to "questioning designed to investigate crimes or the involvement of the arrested person or others in crimes" as distinguished from "non-investigative questioning." Accord *United States v. Menichino*, 497 F.2d 935, 939–42 (5th Cir. 1974); *United States v. LaMonica*, 472 F.2d 580 (9th Cir. 1972); contra, *Proctor v. United States*, 131 U.S.App.D.C. 241, 404 F.2d 819 (1968). Accordingly we hold that since the answer furnished by Hines to the arresting officer in respect to his inquiry regarding Hines' marital status constituted merely basic identification required for booking purposes, its admission was not barred because of the officer's failure to satisfy *Miranda's* warning-waiver procedure.

*LaVallee*, 521 F.2d 1112–13.

We find no violation of defendant's rights simply because the officer obtained basic identifying information without giving the *Miranda* warnings. Defendant's statement regarding ownership of the marijuana was not the product of police interrogation, and it was admissible as an admission at defendant's trial. *State v. Matlock*, 289 N.W.2d 625, 627–28 (Iowa 1980).

Finding no reversible error in the issue raised, we affirm the judgment.

AFFIRMED.