**STATE of Iowa, Plaintiff-Appellee,**

v.

**Leon KOENIGHAIN,**
**Defendant-Appellant.**

No. 83–1009.

Court of Appeals of Iowa.

Sept. 6, 1984.

Charles Harrington, Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen. and Lona Hansen, Asst. Atty. Gen. for plaintiff-appellee.

Considered by SNELL, P.J., and HAYDEN, and SACKETT, JJ.

HAYDEN, Judge.

Defendant appeals from the sentence imposed following his conviction for obtaining money by false pretenses in violation of Iowa Code section 713.1 (1977). He contends that under the 1977 code he could not be incarcerated and ordered to pay restitution. He also claims that his trial counsel rendered ineffective assistance by not requesting that defendant be sentenced under the present criminal code. The State agrees that defendant's sentence is illegal and requests that we modify the sentence by voiding the restitution provision and affirming the incarceration. As for the ineffective assistance of counsel claim, the State argues that the record is insufficient for us to review the claim on direct appeal.

■ Our review of criminal appeals is ordinarily on assigned error. *State v. Cullison*, 227 N.W.2d 121, 126–27 (Iowa 1975). When a defendant raises issues involving the violation of basic constitutional rights, we make an independent evaluation of the totality of the circumstances. This is the equivalent of a de novo review. *Id.* Effective assistance of counsel is a basic constitutional right triggering a de novo type review. *Sims v. State*, 295 N.W.2d 420, 422–23 (Iowa 1980).

■ Defendant was charged and found guilty by a jury of violation of Iowa Code section 713.1 (1977), which provides for a maximum prison term of seven years. Defendant was sentenced to serve a term of imprisonment not to exceed seven years and was additionally ordered to pay restitution. The 1977 code authorized restitution as a condition of sentence when a defendant received deferred judgment or suspended sentence. Iowa Code § 789A.8(3) (1977). Since defendant did not receive a deferred judgment or suspended sentence he should not have been ordered to make restitution. Clearly defendant's sentence must be modified in some way.

■ The revised criminal code which went into effect on January 1, 1978, provided that at the defendant's request, the trial court could impose a sentence under the provisions of the new code for offenses committed before its effective date. Iowa Code § 801.5(2)(b)(2) (1983). The decision to apply the provisions of the new code in such cases is entirely within the discretion of the trial court. *State v. Bousman*, 278 N.W.2d 15, 16–17 (Iowa 1979). Under the new code defendant could be sentenced to a term of imprisonment not to exceed five years. Iowa Code §§ 714.1(3), 714.2(2), 902.9(4) (1983). Defendant claims that his trial counsel was ineffective for not requesting a sentence under the revised code.

■ As the State points out, claims of ineffective assistance of counsel raised on direct appeal are ordinarily reserved for postconviction proceedings to allow full development of the facts surrounding counsel's conduct. *State v. Mulder*, 313 N.W.2d 885, 890 (Iowa 1981). However, if the issue can be fairly resolved without the expense of an additional hearing and appeal, we prefer to resolve it expeditiously.

 

Since the sentence imposed on defendant is severable, we could strike the invalid part without disturbing the rest; however, we may also, of course, remand the case for resentencing. *State v. Krivolavy*, 258 N.W.2d 157, 518 (Iowa 1977). We conclude that remanding the case for resentencing will more fairly and expeditiously dispose of petitioner's claims. Therefore, defendant's sentence is vacated and the case is remanded for resentencing at which time defendant may request pursuant to section 801.5(2)(b)(2) to be sentenced under the provisions of the present criminal code.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.