**STATE of Iowa, Appellee,**

v.

**Leland James FOSTER, Appellant.**

**No. 93–284.**

Supreme Court of Iowa.

Jan. 19, 1994.

soon as possible. He shall also complete the program as soon as possible and shall sign any and all requested releases of information."

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Bridget Chambers, Asst. Atty. Gen., Paul Martin, County Atty., and Steven D. Tynan, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN and ANDREASEN, JJ.

CARTER, Justice.

Defendant appeals from conviction and sentence following a trial in which he was found guilty of possession of marijuana. He contends that the portion of the court's sentence that ordered him to enroll in and complete a substance abuse education program was illegal because that sanction may only be imposed as a condition of probation. Defendant urges that because he was not granted probation that sentencing option was not available to the district court. In the alternative, he urges that he could not be ordered to complete the program in advance of an evaluation that indicated the need therefor.

In sentencing the defendant, the court did not order incarceration nor did it place him on probation. The primary sentencing sanction imposed by the court with respect to defendant's conviction was a fine of $150. Coupled with the fine, however, was a provision that defendant "shall enroll in the TAADS Program at Prairie Ridge, within one week, and shall enter the program as

██ The statutes that bear on the issues that defendant presents are Iowa Code section 901.4A (1991) and Iowa Code section 901.5(8) (1991). Section 901.4A provides:

Upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, the court may order the defendant to submit to and complete a substance abuse evaluation, if the court determines that there is reason to believe that the defendant regularly abuses alcohol or other controlled substances and may be in need of treatment. *An order made pursuant to this section may be made in addition to any other sentence or order of the court.*

*Id.* (emphasis added). In addition, Iowa Code section 901.5(8) provides:

The court may order the defendant to complete any treatment indicated by a substance abuse evaluation ordered pursuant to section 901.4A or any other section.

While we agree with the State that these statutes authorize, in a proper situation, an order requiring a defendant to complete a treatment program ordered by the court even though the defendant is not placed on probation, we think it clear that this may only be done following a substance abuse evaluation which supports that disposition. The language of section 901.4A, which provides "if the court determines that there is reason to believe that the defendant regularly abuses alcohol or other controlled substances," merely states the condition for ordering an evaluation. A finding by the court consistent with the quoted language does not authorize the court to order treatment in the absence of an evaluation that confirms the court's belief.

We have considered all issues presented and conclude that the sentence of the district court should be vacated and the case remanded to that court for resentencing.

SENTENCE VACATED AND RE-MANDED.