STATE of Iowa, Plaintiff–Appellee,

v.

David Curtis HUTT, Defendant–
Appellant.

No. 94–1291.

Court of Appeals of Iowa.

March 27, 1996.

Roberta A. Chambers, Corydon, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, and William S. Owens, County Attorney, for appellee.

Considered by HABHAB, P.J., and CADY and HUITINK, JJ.

HABHAB, Presiding Judge.

Defendant David Hutt was charged with the crimes of burglary in the second degree in violation of Iowa Code section 713.5(2) (1993); harassment in the first degree in violation of section 708.7(2); operating while intoxicated, first offense, in violation of section 321J.2; and child endangerment in violation of section 726.6(1)(a). The charges were due to Hutt's activities on March 19, 1993.

On June 1, 1994, Hutt pled guilty to trespass causing damage, which is a lesser-included offense of burglary. He also pled guilty to harassment in the first degree and child endangerment. The State dismissed the charge of operating while intoxicated. Hutt's guilty pleas were consistent with the plea agreement reached with the State.

The sentencing hearing was held on July 11, 1994. The State originally concurred in the sentencing recommendation found in the presentence investigation, which was that Hutt receive a suspended sentence and probation. This was based on the State's belief Hutt had full-time employment with a manufacturing company. After questioning, however, Hutt stated he was working for a farmer and was going to school full-time to obtain a nursing degree. The State then changed its recommendation to request Hutt be placed at a residential treatment facility as a condition of probation.

Defense counsel asserted Hutt was an alcoholic who had been sober since 1989, but had started drinking on March 19, 1993, due to difficulties in his relationship with his wife. Hutt admitted he had a drinking problem and stated he was seeking treatment. He asked to receive a deferred judgment.

The district court sentenced Hutt to forty-five days in the county jail on the charge of trespassing, a term of imprisonment not to exceed two years on the harassment charge, and a term of imprisonment not to exceed two years on the child endangerment charge. All of the sentences were suspended and Hutt was placed on probation. As a special condition of probation, the court ordered Hutt to enroll in a men's residential treatment facility for a period of 180 days or until maximum benefits had been achieved.[1]

■ Hutt now appeals his sentences. He contends the district court erred in requiring him to enroll in a residential treatment facility when the court had not first ordered a substance abuse evaluation.

■ The State claims Hutt failed to preserve error on this issue for he did not object at the sentencing hearing. However, Hutt had no way of knowing he would be required to enroll in a residential treatment facility until after the court imposed its sentence. We note Hutt did file a motion for reconsideration of his sentences. Under the circumstances here, we conclude Hutt sufficiently preserved error for us to consider this issue on appeal.

A court may order a defendant to enroll in a residential treatment facility under section 901.5(8), which provides:

The court may order the defendant to complete any treatment indicated by a substance abuse evaluation ordered pursuant to section 901.4A or any other section.

Section 901.4A provides:

Upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, the court may order the defendant to submit to and complete a substance abuse evaluation, if the court determines that there is reason to believe that the defendant regularly abuses alcohol or other controlled substances and may be in need of treatment. An order made pursuant to this section may be made in addition to any other sentence or order of the court.

In considering these code sections, our supreme court has held a defendant may be required to complete a treatment program only following a substance abuse evaluation which supports that disposition. *State v. Foster*, 511 N.W.2d 398, 399 (Iowa 1994). The court stated:

The language of section 901.4A, which provides "if the court determines that there is reason to believe that the defendant regularly abuses alcohol or other controlled substances," merely states the condition for ordering an evaluation. A finding by the court consistent with the quoted language does not authorize the court to order treatment in the absence of an evaluation that confirms the court's belief.

*Id.*

No substance abuse evaluation was obtained prior to sentencing and we conclude the district court improperly ordered defendant to enroll in a residential treatment facility as a special condition of probation.

■ Where a sentence imposed is severable, the court may strike the invalid part without disturbing the rest. *State v. Koenighain*, 356 N.W.2d 237, 239 (Iowa App.1984).

---

1. The State concedes Hutt was ordered to undergo residential substance abuse treatment without first ordering him to undergo a substance abuse evaluation.

However, the court may also remand the case for resentencing. *Id.*

In the case of *State v. Krivolavy*, 258 N.W.2d 157 (Iowa 1977), the court found a sentence was severable where the valid part (penitentiary time) was distinct from the invalid part (a fine). *Id.* at 158. The court concluded it did not need to disturb the valid part of the sentence. *Id.* Also, in *Koenighain*, the defendant had improperly been ordered to pay restitution, and the court determined this part could be severed from the portion of the sentence imposing a term of imprisonment. *Koenighain*, 356 N.W.2d at 238. There the court decided it would be better, however, to remand the case for a new sentencing decision. *Id.* at 239.

■ Further, where it is impossible to sever the improper part of the sentence, the case should be remanded for resentencing. *State v. Matlock*, 289 N.W.2d 625, 630 (Iowa 1980). In *Matlock*, the defendant was improperly given the mandatory minimum sentence for a person charged with a forcible felony who also has possession of a firearm. *Id.* The court found it was unable to sever or separate the valid portion of the sentence from the invalid portion. *Id.*

■ We believe the invalid portion of the sentence here, an improper condition on probation, is more like an improper order for a fine or restitution than an improper mandatory minimum sentence. We determine it is possible to sever the valid portion from the invalid portion.

We, therefore, reverse only that part of the sentence which improperly ordered defendant to enroll in a residential treatment facility as a special condition of probation. We remand to the district court on this portion of the sentence. The court may order a substance abuse evaluation if it finds Hutt regularly abuses alcohol or other controlled substances. We affirm the rest of Hutt's sentence.

We have considered the remaining claims urged by defendant on appeal and find each of them to be without merit.

**SENTENCE AFFIRMED IN PART, VACATED IN PART AND REMANDED.**