# IN THE COURT OF APPEALS OF IOWA

No. 14-1567
Filed October 28, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW PAUL SMITH,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, James D. Birkenholz,

District Associate Judge.


        Matthew Paul Smith appeals his convictions following guilty pleas to

operating while intoxicated, second offense, and child endangerment.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Kevin Cmelik and Linda J. Hines,

Assistant Attorneys General, John P. Sarcone, County Attorney, and Maurice

Curry, Assistant County Attorney, for appellee.


        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

In June 2014 the State charged Matthew Paul Smith with operating while intoxicated (OWI), third offense and child endangerment. In August the court ordered Smith to undergo a substance abuse evaluation. The court ordered the evaluator to release its written findings only to the court and to Smith's attorney. Prior to his September trial, Smith filed written guilty pleas to the lesser-included offense of OWI, second offense and to child endangerment. *See* Iowa Code §§ 321J.2, 726.6 (2013). Smith sought immediate sentencing and waived (1) his right to file a motion in arrest of judgment, (2) preparation of a presentence investigation report, and (3) reporting of the sentencing hearing. The plea agreements provided "both sentences to run concurrent & sentenced to up to 2 years of prison." The district court was not bound by the plea agreement.

On September 12, 2014, the district court accepted Smith's guilty pleas and proceeded to sentencing. Each sentencing order contained several boxes for the court to show the most important reasons for the sentence imposed. On both forms, the court checked one box only, "the plea agreement." The court sentenced Smith in accordance with the plea agreement to an indeterminate two-year prison term on each conviction and ordered the sentences to run concurrently. The court imposed the minimum fine on each conviction, suspended the fine on the child endangerment conviction, and ordered Smith to complete substance abuse treatment while in prison. Smith now appeals, seeking resentencing. "Our scope of review of a district court's decision

regarding sentencing is for an abuse of discretion or for defects in the sentencing procedure." *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995).

Smith claims the sentencing court abused its discretion under our rules requiring the sentencing court to "state on the record its reason for selecting the particular sentence." Iowa R. Crim. P. 2.23(3)(d); *see State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) (stating a sentencing court must include in the sentencing order "the reason for the sentence when the defendant waives the reporting of the sentencing hearing"); *State v. Lumadue*, 622 N.W.2d 302, 304-05 (Iowa 2001) (ruling boilerplate language insufficient). Specifically, Smith first claims we should find that even when the sentences imposed embody the plea agreement, the court checking one box provides an insufficient explanation, particularly when, as here, the court is not bound by the plea agreement. Smith asks us to overrule *Cason*, 532 N.W.2d at 757. In *Cason*, our supreme court rejected a sentencing challenge similar to Smith's, stating:

> In *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), this court held that where the State and the defendant have approved a plea agreement and the sentencing court incorporates the plea agreement in the sentence, "the sentence was not the product of the exercise of the trial court's discretion but of the process of giving effect to the parties' agreement." We went on to hold that under those circumstances, stating reasons for imposition of sentence would serve no useful purpose, and any failure to abide by the [rules] was harmless. *Id.*

532 N.W.2d at 757. The *Cason* court concluded: "[T]he sentencing court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court abused its discretion in failing to state reasons for the sentence imposed." *Id.*

It is not within the province of this court to overrule our supreme court's directives. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."). Instead, we apply "existing legal principles." *See* Iowa R. App. P. 6.1101(3). We decline Smith's invitation to overrule existing case law and conclude the sentencing court's failure to fully explain its decision to impose sentences that followed the parties' plea agreement was harmless.

Second, Smith points out the plea agreement did not mention fines, claiming the court therefore had to exercise discretion as to fines, and it failed to sufficiently state its reasons for imposing the fines. We find no abuse of discretion; the sentencing court imposed the mandatory minimum fines provided by statute. Applicable to Smith's child endangerment conviction, Iowa Code section 903.1(2) provides "there shall be a fine of at least" $625. The court imposed this fine and suspended it. The court thus exercised its discretion by imposing the most favorable fine for which Smith was eligible. A court's failure to set forth reasons in such circumstances is deemed harmless. *See State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981) (finding no abuse of discretion where the court lacked the power to enter a less severe sentence so the court's error "in failing to state its reason did not harm defendant"). As in *Matlock*, a "remand for resentencing could not change the" fine "required under the relevant statutes." *See id.* Similarly, Iowa Code section 321J.2(4)(b) provides for the "[a]ssessment

of a minimum fine of" $1875 upon conviction for OWI, second offense. The district court imposed this minimum fine on Smith and was without discretion to impose a lower fine. We conclude any failure to provide sufficient reasons for the fines imposed was not an abuse of discretion. *See id.*

Finally, Smith challenges the portion of the sentencing order stating: "Defendant is ordered to complete substance abuse treatment while in prison,"[1] again claiming the court failed to state sufficient reasons for its order.

Smith's substance abuse evaluation report is not in the record as the court ordered the report released only to defense counsel and the court. We note, however, our code requires a court imposing sentence on an OWI conviction to enter an order following the report's recommendations. For example, Iowa Code section 321J.2(7)(a) provides, in the context of a person convicted of an OWI offense: "The court *shall order* the person to follow the recommendations proposed in the substance abuse evaluation as provided in section 321J.3." (Emphasis added.) Similarly, Iowa Code section 321J.3(1)(a) provides, "the court *shall order* any defendant convicted under section 321J.2 [encompassing OWI, second offense] to follow the recommendations proposed in the substance abuse evaluation for appropriate substance abuse treatment for the defendant." (Emphasis added.) These statutes thus require the sentencing court to enter an order in line with the recommendations of the substance abuse evaluation. *See* Iowa Code § 4.1(30)(a) (stating the word "shall" in a statute imposes a duty

---

[1] We note the court ordered the treatment requirement in the child endangerment sentencing order. We conclude this location is a scrivener's error and the court intended the treatment requirement to be included in the sentencing order for OWI, second.

unless otherwise specially provided by the legislature).  We can logically deduce the sentencing court ordered Smith to complete substance abuse treatment in prison because such treatment was recommended in his substance abuse evaluation and the court was required to enter an order following the evaluation. Smith, who received the completed report, does not claim otherwise. Accordingly, the district court did not abuse its discretion by ordering Smith to complete substance abuse treatment.

**AFFIRMED.**