**IN THE COURT OF APPEALS OF IOWA**

No. 15-0206
Filed June 15, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JUAN CARLOS ASTELLO,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Kossuth County, Don E. Courtney, Judge.

The defendant appeals his sentences for kidnapping in the first degree and murder in the second degree. **AFFIRMED.**

Jack B. Bjornstad of Jack Bjornstad Law Office, Okoboji, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

In 1998, Juan Carlos Astello was convicted of kidnapping in the first degree, in violation of Iowa Code sections 710.1 and 710.2 (1997), and murder in the second degree, in violation of Iowa Code sections 7078.1 and 707.3. He was sentenced to life without the possibility of parole for the former offense and fifty years' incarceration with an eighty-five-percent mandatory minimum for the second offense, said sentences to be served concurrent to each other. At the time of the offenses, Astello was under eighteen years of age. In 2015, Astello was afforded an individualized sentencing hearing pursuant to the supreme court's recently created juvenile sentencing scheme. *See State v. Louisell*, 865 N.W.2d 590 (Iowa 2015); *State v. Seats*, 865 N.W.2d 545 (Iowa 2015); *State v. Lyle*, 854 N.W.2d 378 (Iowa 2014); *State v. Null*, 836 N.W.2d 41 (Iowa 2013)*; State v. Pearson*, 836 N.W.2d 88 (Iowa 2013)*; State v. Ragland*, 836 N.W.2d 107 (Iowa 2013). Following the sentencing hearing, the district court imposed the minimum sentences available under existing case law, ordering the defendant be immediately eligible for parole for each of the convictions. Astello raises several challenges to his sentences.

Astello first contends his sentences should be declared illegal under article I, section 17 of the Iowa Constitution. He does not explain what the alternative sentences should be if his request for relief were granted. We decline to hold the sentences are illegal. Astello has received all of the relief available under the supreme court's juvenile sentencing scheme. *See Bonilla v. State*, 791 N.W.2d 697, 702 (Iowa 2010) (holding sentence of life without parole for non-homicide offense was unconstitutional as applied to juvenile offender and ordering the

defendant immediately be eligible for parole); *see also State v. Sweet*, ___ N.W.2d ___, ___, 2016 WL 3023726, at *29 (Iowa 2016) (adopting "a categorical rule that juvenile offenders may not be sentenced to life without the possibility of parole under article I, section 17 of the Iowa Constitution"). Further, "[a]s a general rule, the task of materially altering substantive or procedural rights is best left to the General Assembly or the Supreme Court of Iowa." *Spencer v. Philipp*, No. 13-1887, 2014 WL 4230223, at *2 (Iowa Ct. App. Aug. 27, 2014). We decline to extend the supreme court's juvenile sentencing scheme any further.

Astello also challenges the implementation of his sentence. Specifically, Astello contends he will not be given a "meaningful opportunity" for release because the board of parole, more likely than not, will not grant him early release. We cannot speculate as to what the board of parole may or may not do at some future date. In addition, the supreme court implicitly has rejected this argument:

> Even if the judge sentences the juvenile to life in prison with parole, it does not mean the parole board will release the juvenile from prison. Once the court sentences a juvenile to life in prison with the possibility of parole, the decision to release the juvenile is up to the parole board. If the parole board does not find the juvenile is a candidate for release, the juvenile may well end up serving his or her entire life in prison.

*Seats*, 865 N.W.2d at 557. *See Sweet*, 2016 WL 3023726, at *29 ("Nothing in this opinion, of course, suggests that a juvenile offender is entitled to parole. The State is not required to make such a guarantee, and those who over time show irredeemable corruption will no doubt spend their lives in prison."). Even if the supreme court had not previously rejected this argument, we would still decline to

grant the requested relief. Creating new rights is the province of the supreme court. *See Spencer*, 2014 WL 4230223, at *2.

Finally, Astello challenges the sentencing proceeding, contending the sentencing hearing was defective primarily due to the district court's failure to consider certain sentencing factors. We agree the sentencing hearing was defective. We nonetheless decline to grant Astello's request for relief. He has received all of the sentencing relief available under existing case law. Further, although the supreme court only recently created the list of sentencing factors to be applied at sentencing and resentencing of juvenile offenders, *see Seats*, 865 N.W.2d at 555-57, the supreme court has now concluded that the sentencing factors it recently created are without value and cannot be applied in "any principled way." *Sweet*, 2016 WL 3023726, at *26. The error was harmless under the circumstances. *See State v. Matlock*, 304 N.W.2d 226, 228 (Iowa 1981) (holding district court that failed to state its reasons for imposition of sentence on the record did not commit reversible error when the defendant received the least severe sentence authorized by law).

**AFFIRMED.**