# IN THE COURT OF APPEALS OF IOWA

No. 16-1846
Filed May 17, 2017

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**ADAM B. ARTERBURN,**
  Defendant-Appellant.
_____

  Appeal from the Iowa District Court for Scott County, Cheryl Traum, District Associate Judge.


  Adam Arterburn appeals following his plea of guilty to absence from a place he was required to be. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED WITH INSTRUCTIONS.**


  Sharon D. Hallstoos of Hallstoos Law Office, Dubuque, for appellant.

  Thomas J. Miller, Attorney General, Louis S. Sloven, Assistant Attorney General, for appellee.


  Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**DANILSON, Chief Judge.**

Adam Arterburn appeals following judgment and sentence entered upon his written plea of guilty to absence from custody, in violation of Iowa Code section 719.4(3) (2016).

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

On October 5, 2016, Arterburn entered a written guilty plea to one count of absence from custody. The written guilty plea indicates, "A plea agreement in my case exists as evidenced by a memorandum of plea agreement which I have signed. I understand the plea agreement is not binding on the court."

The written guilty plea also contained a discussion of penalties:

9. On a plea of guilty to:
 . . . .
 __√__ A serious misdemeanor, the Court can sentence me to jail
 for up to one year, and fine me between $315.00 and $1875.00,
 plus surcharge and court costs.

It also explained that to challenge the guilty plea a motion in arrest of judgment must be filed and that failing to file a motion in arrest of judgment before sentencing would "preclude [his] right to assert any defects in this plea in any appeal." He also signed an additional waiver stating: "I wish to be sentenced today."

Defense counsel's signature appears below the statement, "I have fully advised my client of the consequences of this document. My client's decision to sign this document and waive the rights described above is knowing and voluntary."

That same date, October 5, 2016, the district court accepted Arterburn's written guilty plea, along with his written waiver of a reported plea hearing. The sentencing order provides further:

> The court has reviewed the signed plea of guilty form and considered the statements of the defendant. The court finds that the defendant understands the charge, the penal consequences and the constitutional rights being waived. Based on the statements of the defendant, statements of the prosecutor, and the minutes of testimony accepted as true by the defendant and considered by the court, the plea has a factual basis and is knowing, voluntary and intelligent.
> . . . .
> . . . The following sentence is based on all of the available sentencing considerations set out in Iowa Code section 907.5. The court finds the following factors the most significant to determine this particular sentence:
> > The plea agreement of the parties
> > The nature and circumstances of the crime
> > Maximum opportunity for rehabilitation and treatment in the community

The court sentenced Arterburn to 365 days in jail with all but 330 days suspended, to run consecutive to the sentence Arterburn was already serving when he committed this absence-from-custody offense.

On appeal, Arterburn contends he was not adequately informed of the mandatory penalties for the offense to which he pled, the failure to file the plea memorandum negates any ability to find the plea was knowingly and voluntarily entered, and the court failed to state adequate reasons for imposing consecutive sentences.

Arterburn concedes that his written plea of guilty establishes that he was made aware of the time limit for filing a motion in arrest of judgment and did not timely file a motion in arrest of judgment. He is thus precluded from challenging the adequacy of the plea proceedings on direct appeal. *See* Iowa R. Crim. P.

2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) ("Straw's failure to move in arrest of judgment bars a direct appeal of his conviction.").

However, Arterburn contends plea counsel was ineffective, which excepts him from normal error-preservation rules. *See Straw*, 709 N.W.2d at 133. To establish his claim of ineffective assistance of counsel, Arterburn must demonstrate (1) his plea counsel failed to perform an essential duty, and (2) this failure resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Only in "rare cases" will the record be adequate for the court to address the ineffectiveness claim on direct appeal. *Straw*, 709 N.W.2d at 133.

The record before us is not adequate to determine if Arterburn was adequately informed of the actual terms contained in the plea memorandum because the plea memorandum is not in this record. Arterburn asserts that because the plea memorandum is not available we cannot presume the district court's recitation of that the sentence was based—at least in part—upon the plea agreement. The State argues the proper remedy is to remand.

Because the plea memorandum is not in the record, we remand to the district court for further proceedings consistent with *State v. Thacker*, 862 N.W.2d 402, 410-11 (Iowa 2015):

> On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record. *See* [*State v.*

*Matlock*, 304 N.W.2d 226, 228 (Iowa 1981)] ("If the court has no discretion in sentencing, it should so state."). If, on the other hand, the parties did not come to an agreement with respect to the particulars of the sentence or the district court departed from any agreement the parties may have had, then the district court exercised discretion and, as a result, must make a statement on the record as to why it exercised its discretion in the way it did. On remand, there is no requirement the district court arrive at a different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d).

We do not address any additional ineffectiveness claims here as they may be raised in a postconviction-relief action. *See Thacker*, 862 N.W.2d at 411.

**CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED WITH INSTRUCTIONS.**