**STATE of Iowa, Appellee,**

v.

**Dwane Lee CASON, Appellant.**

No. 94–1350.

Supreme Court of Iowa.

May 24, 1995.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Ann E. Brenden, Asst. Atty. Gen., John P. Sarcone, County Atty., and Jaki Livingston, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

The question in the present case is whether the district court abused its discretion in failing to follow the sentencing requirements of Iowa Rule of Criminal Procedure 22(3) when sentencing the defendant, Dwane Cason, on a charge of interference with official acts causing injury in violation of Iowa Code section 719.1 (1993). We find no abuse of discretion and affirm the district court's judgment and sentence.

Cason was arrested and charged with interference with official acts causing injury, in violation of section 719.1. On July 21, 1994, Cason pleaded guilty as charged. The district court accepted the plea and sentenced Cason to one year in jail, all but thirty days suspended, plus seventy hours of community service. Cason has appealed.

■ Our scope of review of a district court's decision regarding sentencing is for an abuse of discretion or for defects in the sentencing procedure. *State v. Garrow*, 480 N.W.2d 256, 259 (Iowa 1992). No abuse of discretion will be found unless the defendant shows that such discretion was "exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Neary*, 470 N.W.2d 27, 29 (Iowa 1991).

■ Cason first argues the district court abused its discretion in failing to state the reasons for the sentence imposed as required by rule 22(3)(d). We disagree.

In *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983), this court held that where the State and the defendant have approved a plea agreement and the sentencing court incorporates the plea agreement in the sentence, "the sentence was not the product of the exercise of the trial court's discretion but of the process of giving effect to the parties' agreement." We went on to hold that under those circumstances, stating reasons for imposition of sentence would serve no useful purpose, and any failure to abide by the terms of rule 22(3)(d) was harmless. *Id.*

We find the rationale of *Snyder* applicable to the present case. The State recommended that Cason be incarcerated for one year, all but thirty days suspended, that he be placed on probation for one year, and that he serve seventy hours of community service. Defense counsel stated: "The defendant has agreed to these terms offered by the State and wishes to plead guilty at this time." The district court asked Cason if he understood

the terms of the plea agreement and whether he signed the agreement voluntarily. Cason stated he entered it voluntarily and that he did not have any questions. He indicated he understood the State's sentencing recommendations and agreed with them. Based on this colloquy, the trial court sentenced Cason pursuant to the plea agreement.

We believe it is clear from the record that the sentencing court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court abused its discretion in failing to state reasons for the sentence imposed.

█ We likewise reject Cason's argument the trial court failed to afford him his right to allocution. Cason maintains he was not provided with an opportunity to provide the court with any statements in mitigation of punishment. However, Cason and defense counsel affirmatively stated that they agreed to the recommendation of sentence proposed by the State. The trial court on several occasions asked Cason whether he had any questions regarding his plea agreement or the sentencing recommendations. Cason had several opportunities to state any objections to the proposed sentence at that time. Under such circumstances, we find harmless any failure by the trial court to formally afford Cason his right to allocution. *See State v. Patterson*, 161 N.W.2d 736, 738 (Iowa 1968) (failure to afford defendant his right to allocution harmless where nothing appeared in the record to suggest defendant had any legal cause why sentence should not be imposed).

█ Cason next maintains the trial court abused its discretion in failing to advise him that timely and proper notice of appeal is a jurisdictional prerequisite to an appeal. We find no merit to this argument. Cason's appeal was timely and properly filed in the manner prescribed by the rules of criminal procedure. Any omission by the trial court in advising him of the necessity of timely and proper filing was harmless. *State v. Kirchoff*, 452 N.W.2d 801, 806 (Iowa 1990).

The judgment and sentence of the district court is accordingly affirmed.

**AFFIRMED.**