# IN THE COURT OF APPEALS OF IOWA

No. 14-0263
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MANDELL CLARK,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Marshall County, Steven J. Oeth, Judge.

        Mandell Clark appeals from the sentence imposed following his guilty pleas, asserting the district court erred in failing to provide sufficient reasons for the sentence. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Jennifer Miller, County Attorney, and Paul Crawford, Assistant County Attorney, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Mandell Clark appeals the sentence imposed following his guilty pleas to two counts of assault on a jailer. He asserts the district court erred in failing to provide sufficient reasons for the sentence. The court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court abused its discretion in failing to state reasons for the sentence imposed. Finding no abuse of discretion, we affirm.

The State originally charged Clark with two counts of assault on a jailer while using or displaying a dangerous weapon and causing bodily injury, in violation of Iowa Code sections 708.1 and 708.3A(2) (2013), each a class "D" felony, and one count of habitual offender in violation of section 902.8, a sentencing enhancement. It would serve no useful purpose here to repeat the factual basis for the charges.

At a guilty plea/sentencing hearing, Clark and the State reached a plea agreement. Clark agreed to plead guilty to the two assault counts. The State recommended that Clark be sentenced to an indeterminate term not to exceed five years on each count and that the five-year terms would run concurrent with each other, but consecutive to a two-year sentence imposed in Webster County.[1] The State agreed to dismiss the habitual offender sentencing enhancement count. The court engaged in a colloquy with Clark. He agreed to plead guilty pursuant to the agreement, indicated he agreed to the sentencing recommendation, and consented to immediate sentencing. After taking the guilty

---

[1] *See State v. Clark*, No. 13-1738, 2014 WL 3748560, at *1 (Iowa Ct. App. July 30, 2014).

plea, the court imposed the sentence as agreed to between the parties. In its written guilty plea, judgment, and sentence, the court stated, "The court finds this sentence is appropriate in light of the plea agreement, nature of the offenses and the defendant's criminal history."

Clark now appeals claiming the court erred in failing to state on the record sufficient reasons for imposing the sentence. In *State v. Snyder*, the supreme court stated where the court approved a plea agreement and incorporated the agreement into the sentence,

> [t]he sentence of imprisonment was . . . not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement. Under these circumstances, the purpose of a statement of reasons for imposition of the sentence would serve no practical purpose. . . . [A]ny failure by the court to furnish reasons for the sentence was harmless.

336 N.W.2d 728, 729 (Iowa 1983). We believe it is clear from the record that the sentencing court was merely giving effect to the parties' agreement. Under these circumstances, we do not believe the district court abused its discretion in failing to state with more particularity the reasons for the sentence imposed. *See State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995). We therefore affirm pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**