MANSFIELD, Justice
(dissenting).
I respectfully dissent and would affirm Thacker’s sentence.
According to the minutes of testimony, this incident began when Thacker was picked up at a bus route along Ingersoll Avenue in Des Moines on October 4, 2013. Thacker told the bus driver, Donald Ro-buck, that someone who owed her money had been chasing her. She asked Robuck to turn on the air conditioning, but when he did so, the system blew hot air. This incensed Thacker, who began calling Ro-buck a “fat m* * * * * f* * * * * « an(j threatened to kill him.
On arrival at the bus depot in downtown Des Moines, Thacker went to customer service and caused a disruption by screaming profanities. Efforts to calm her down were unsuccessful. Thacker attempted to follow Robuck and a supervisor outside, but got stuck in a revolving door. She started kicking the door until it began to move. When Thicker saw Robuck leaving for his next route, she screamed at him that she was going to find out where he lived.
Thacker was charged with first-degree harassment, an aggravated misdemeanor, and disorderly conduct, a simple misdemeanor. See Iowa Code § 708.7(2) (2013); id. § 723.4(2). On February 7, 2014, the charges were disposed of when Thacker pled guilty to the lesser included offense of second-degree harassment, a serious misdemeanor, and received a one-year suspended sentence and probation. See id. § 708.7(3). The record includes Thacker’s petition to plead guilty to a serious misde *412 meanor (which includes a written waiver of rights signed by her) and the district court’s written sentencing order, which lists the plea agreement as the only reason for the sentence imposed. The sentencing order also indicates that Thacker waived reporting and recording of the sentencing hearing.
The district court is required to state the reason or reasons for a particular sentence on the record. See Iowa R.Crim. P. 2.28(3)(d) (“The court shall state on the record its reason for selecting the particular sentence.”). “The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order.” State v. Thompson, 856 N.W.2d 915, 919 (Iowa 2014). However, as the majority acknowledges, when the defendant’s sentence is based upon a plea agreement, the court provides a sufficient reason or reasons when it cites the plea agreement as the reason for the sentence. See State v. Cason, 532 N.W.2d 755, 756 (Iowa 1995) (per curiam). The district court did so here.
In Thompson, we overruled prior precedent and held that even when a defendant waives reporting of the sentencing hearing, the defendant does not thereby waive the requirement that the district court provide the reason or reasons for the sentence on the record. See Thompson, 856 N.W.2d at 920-21. The present case is not a Thompson case. Unlike the sentencing order in Thompson, see id. at 918, the sentencing order here states the reason for the sentence, namely, the plea agreement, and that reason is a legally sufficient one.
Thacker, thus, wants to take Thompson a step further. She wants to establish a rule that when the sentence is based on a plea agreement, either the written plea agreement or the hearing transcript setting forth the terms of the plea agreement must be included in the record. This is intended to be a check so the appellate court can verify that the district court did, indeed, follow the plea agreement in its sentencing order.
Whatever the potential merits of this rule in the abstract, I think it makes no sense to apply it unless the defendant is asserting the sentence did not comply with the plea agreement. Thacker makes no such assertion. In fact, Thacker does not challenge her underlying sentence at all, for example, by claiming it is too harsh or restrictive. All we have here is her appellate attorney’s contention that one cannot tell from the record whether the sentence imposed is actually consistent with the plea agreement. Presumably, appellate counsel has asked Thacker, or Thacker’s trial counsel, whether the sentence is consistent with the plea agreement. The briefing should disclose the answer to this question. Since sentencing proceedings come with a. presumption of regularity, see, e.g., State v. Jose, 636 N.W.2d 38, 41 (Iowa 2001); State v. Sailer, 587 N.W.2d 756, 762 (Iowa 1998), it. seems unfair to assume — in the absence of any claim by the defendant — that an irregularity might have occurred.
The court’s approach appears to elevate form over substance. That is, it remands the case for expansion of the record even when the defendant is not complaining about the result. The effect of the court’s approach will be to require another layer of documentation in misdemeanor cases. I think the limited resources of our criminal justice system can best be deployed elsewhere.
For the foregoing reasons, I dissent.
CADY, C.J., and WATERMAN, J., join this dissent.