# IN THE COURT OF APPEALS OF IOWA

No. 15-1151
Filed April 6, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RICKY LEE ESTLUND,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Kurt J. Stoebe, Judge.

Ricky Lee Estlund appeals his convictions for domestic abuse assault and harassment. **CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Mark C. Smith, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Ricky Lee Estlund appeals his convictions for domestic abuse assault and harassment. He claims his guilty pleas were not knowingly and voluntarily entered, the court denied him his right to be personally present and address the court at sentencing, and the court failed to give sufficient reasons for the sentence imposed. We find Estlund has failed to preserve error on his guilty-plea claims for our review. However, the court erred in failing to give reasons for the sentence imposed. We affirm Estlund's convictions, vacate his sentence, and remand for resentencing.

On May 4, 2015, Estlund was charged with domestic abuse assault causing bodily injury, third or subsequent offense, in violation of Iowa Code sections 708.1(1), 708.2A(5), and 708.2A(4) (2015). Pursuant to a plea agreement, the State amended the trial information to allege one count of domestic abuse assault causing bodily injury (count 1), in violation of Iowa Code sections 708.1(1) and 708.2A(3)(b), and one count of harassment in the second degree (count 2), in violation of Iowa Code sections 708.7(1)(b) and 708.7(3)(b).

On June 9, the district court approved the plea agreement. On count one, the court sentenced Estlund to an indeterminate two-year term of incarceration and a suspended fine. One count two, the court imposed an indeterminate one-year term of incarceration and a fine. The court ordered the sentences to run consecutively. Estlund did not file a motion in arrest of judgment but filed a notice of appeal on July 2, 2015.

Our review of sentencing procedures is for an abuse of discretion. *State v. Nosa*, 738 N.W.2d 658, 660 (Iowa Ct. App. 2007). Such abuse will be found only if the district court's discretion was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

Our review of a sentence imposed in a criminal case is for the correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724.

Estlund claims the court erred by sentencing him less than fifteen days after the plea was entered and failing to provide him his right of allocution. Estlund did not file a motion in arrest of judgment, which is normally required to appeal a guilty plea. *See* Iowa R. Crim. P. 2.24(3)(a).

Iowa Rule of Criminal Procedure 2.8(2)(d) instructs the court to "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." Estlund's written guilty pleas contained the following acknowledgements and waivers:

> I ask the court to accept this plea of guilty. *I waive the proceeding rights and my right to have the court address me personally.*
> If the Court accepts my plea of guilty I realize:
> 1. I understand that I have the right to have a future date set for pronouncing judgment and sentence, which cannot be less than 15 days after the guilty plea is entered, unless I consent to a shorter time, and I understand that any challenge to the guilty plea or

alleged defects in the plea proceedings must be raised by a written Motion in Arrest of Judgment filed no later than 45 days after my plea is accepted, but not less than 5 days before the date set for pronouncing judgment, and that failure to raise such challenge shall preclude the right to assert them in this Court or on appeal to another Court.

2.      If the Court imposes a sentence today, I will never be able to challenge this plea of guilty, and I will be giving up my right to directly appeal my guilty plea.

3.      I understand that I have the right to allocution which allows me to address the Court personally and make a statement in mitigation of my punishment in this case, as provided by Iowa Rule of Criminal Procedure 2.23(3)(d).  I further understand that if I am represented by counsel in this case, my attorney may further address the Court on my behalf and make a statement in mitigation of my punishment in this case.

(Emphasis added.)

Because Estlund's charges were for serious and aggravated misdemeanors, the district court was not required to personally advise him of his right to file a motion in arrest of judgment; it was enough to inform him in writing. *See State v. Sutton*, 853 N.W.2d 284, 294 (Iowa Ct. App. 2014).  Further, as stated in the plea agreement, Estlund expressly waived his right to file a motion in arrest of judgment by acknowledging: "I waive the proceeding rights . . . ." *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (finding, pursuant to Iowa Rule of Criminal Procedure 2.8(2)(d), "defendants charged with serious or aggravated misdemeanors may enter into a valid written waiver of the right to file a motion in arrest of judgment").  Estlund's claims concerning defects with his guilty plea are barred by Iowa Rule of Criminal Procedure 2.24(3)(a) since he was adequately informed of his right to file a motion in arrest of judgment and he waived that right in a valid written plea.

Estlund also claims the district court erred by failing to provide sufficient reasons for the sentence imposed. Iowa Rule of Criminal Procedure 2.23(3) requires the court to state on the record its reasons for selecting a particular sentence. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000). The duty of a sentencing court to provide an explanation for a sentence includes the reasons for imposing consecutive sentences. *See State v. Harrington*, 349 N.W.2d 758, 763 (Iowa 1984). The reasons, however, are not required to be specifically tied to the imposition of consecutive sentences but may be found from the particular reasons expressed for the overall sentencing plan. *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989).

The State agrees with Estlund that the court did not give reasons for the sentence imposed; however, the State claims the court was merely imposing the sentence agreed upon by the parties. When it is clear from the record the sentencing court was giving effect to the parties' agreement, the district court does not abuse its discretion by failing to state its reasons for the sentence on the record. *See State v. Cason*, 532 N.W.2d 755, 757 (Iowa 1995) (finding the defendant stated affirmatively on the record he understood the State's sentencing recommendations and agreed to them therefore the court did not err in failing to state reasons for the sentence on the record).

Here, the record contains Estlund's guilty pleas but no indication he consented to any agreement concerning sentencing. As there is no evidence of

a sentencing agreement, we find the court erred by failing to give reasons for Estlund's sentence.  We affirm Estlund's convictions, vacate his sentences, and remand for resentencing.

**CONVICTIONS AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**