# IN THE COURT OF APPEALS OF IOWA

No. 16-0770
Filed April 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**HIRAM ANTONIO SERRANO,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Nancy S. Tabor, Judge.

Hiram Serrano appeals his convictions and sentences following his guilty pleas to voluntary manslaughter and second-degree burglary. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ. Tabor, J., takes no part.

**MULLINS, Presiding Judge.**

Hiram Serrano appeals his convictions and sentences following his guilty pleas to voluntary manslaughter, a class "C" felony, in violation of Iowa Code section 707.4 (1989), and burglary in the second degree, a class "C" felony, in violation of section 713.5.

In the early hours of November 14, 1990, Serrano broke into the home of Theresa Jackson, his on-and-off live-in girlfriend and mother of two of his children, and slashed her throat. Jackson's young son woke up and found her lying in a pool of blood and ran to a family member's house for help. Jackson was left paralyzed from her upper chest down. She died on October 5, 2012, as a result of complications from her paralysis.

In 2013, the State charged Serrano with murder in the first degree, a class "A" felony, and burglary in the second degree. The State subsequently amended the trial information, charging Serrano with one count of voluntary manslaughter and one count of second-degree burglary. Serrano pled guilty to both charges. Pursuant to the plea agreement, the parties recommended a ten-year term of incarceration on each count to run consecutively and two suspended fines of $1000 each. In addition, Serrano waived any claim or defense regarding the statute of limitations and the statutory amendments to the burglary offense.

After a hearing, the district court sentenced Serrano to two terms of incarceration not to exceed ten years, to run consecutively. The court also imposed a $1000 fine and a fifteen-percent surcharge on each count, suspended the fines and surcharges, and ordered Serrano to pay court costs and restitution.

On appeal, Serrano claims the district court's reasoning for imposing consecutive sentences was insufficient under Iowa Rule of Criminal Procedure 2.23(3)(d).[1] "We review sentencing decisions for abuse of discretion or defect in the sentencing procedure." *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015). "An abuse of discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (quoting *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006)). "We give sentencing decisions by a trial court a strong presumption in their favor." *Id.* "On our review, we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *Id.* at 554.

Rule 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." This rule also applies to a court's decision to impose consecutive sentences, but "in doing so the court may rely on the same reasons for imposing a sentence of incarceration." *Hill*, 878 N.W.2d at 275. "A terse and succinct statement is sufficient . . . when the reasons for the exercise of discretion are obvious in light of the statement and the record before the court." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015).

Here, the district court stated: "[I]n this case I do find that there is just cause due to the severity of the cases and the separate crimes committed that the sentences should be served consecutive with each other." Although the recitation by the court was succinct, when read together with the record before

---

[1] He further claims *State v. Hill*, 878 N.W.2d 269 (Iowa 2016), implicitly overruled *State v. Cason*, 532 N.W.2d 755 (Iowa 1995), and *State v. Snyder*, 336 N.W.2d 728 (Iowa 1983). Because we find the district court did not abuse its discretion in sentencing Serrano to two consecutive terms, we need not reach Serrano's other claims.

the court and the arguments of counsel, the reasons were sufficient to satisfy us the court exercised its discretion. The sentences imposed by the district court were not clearly untenable or unreasonable.[2] The district court did not abuse its discretion in sentencing Serrano to a period of incarceration not to exceed ten years on each count, to be served consecutively. Accordingly, we affirm.

**AFFIRMED.**

---

[2] Although we acknowledge the district court did not rely on the parties' plea agreement in sentencing Serrano, we note the sentences imposed were precisely that to which Serrano agreed in his plea agreement with the State.