# IN THE COURT OF APPEALS OF IOWA

No. 16-1867
Filed May 3, 2017

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**TYSON JAMES RUTH,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse, Judge.

     Tyson James Ruth appeals his convictions for burglary, theft, and criminal trespass. **AFFIRMED.**

     Mark C. Smith, State Appellate Defender, and Brenda J. Gohr, Assistant Appellate Defender, for appellant.

     Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

     Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

On February 11, 2016, a burglary was reported in Adel. Police responded to the scene and contacted the owner of the property, Adam Kirkpatrick. On February 14, Kirkpatrick noticed a red van that had been connected with the earlier burglary. Joey Godwin and Tyson Ruth were both in the van, and when confronted by Kirkpatrick, an altercation started. Police officers arrived at the scene, and Godwin and Ruth were arrested. A search of the van revealed the stolen property from the February 11 burglary.

Ruth pled guilty to attempted burglary in the third degree, in violation of Iowa Code section 713.6B(1) (2016); theft in the fourth degree, in violation of Iowa Code sections 714.1(4), 714.2(4), and 703.1; and criminal trespass, in violation of Iowa Code sections 716.7 and 716.8(2). Ruth entered a written guilty plea to each charge, specifically agreeing each sentence should run consecutively. On September 30, Ruth was sentenced in accordance with the parties' plea agreements. Ruth claims the district court abused its discretion by failing to provide sufficient reasons in the record for the sentences imposed.

Review of a sentence imposed in criminal cases is for correction of errors at law. Iowa R. App. P. 6.907. However, the district court will not be reversed without a showing the court abused its discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

Our supreme court has held a sentence imposed in accordance with the parties' plea agreement is "not a product of the exercise of the trial court's discretion." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). If a district court is simply giving effect to the parties' plea agreements, "stating reasons for

imposition of sentence would serve no useful purpose, and any failure to [state the reasons for imposition is] harmless." *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995). The record before us clearly shows the district court imposed sentences that simply gave effect to the plea agreements. Therefore, we find the trial court did not abuse its discretion. Pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e), we affirm.

**AFFIRMED.**