# IN THE COURT OF APPEALS OF IOWA

No. 17-0446
Filed December 6, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KEMONTE VANTRECE TODD,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

        A defendant appeals his prison sentences and a surcharge imposed following his convictions for robbery in the second degree, theft in the first degree, extortion, interference with official acts, and two counts of burglary in the third degree. **SENTENCES AFFIRMED IN PART AND VACATED IN PART, CASE REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**

        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**TABOR, Judge.**

Kemonte Todd received a prison sentence not to exceed thirty-five years with a mandatory minimum of seven years as the result of a plea bargain that encompassed six different crimes. On appeal, Todd claims the district court abused its discretion in honoring the parties' agreement to consecutive terms. He contends the sentencing court concentrated too much on the nature of the offenses and too little on the fact that he was only eighteen years old. After reviewing the record,[1] we find no abuse of discretion in the prison time ordered and affirm that portion of the sentences. We vacate the imposition of the $125 law enforcement initiative (LEI) surcharge because it was not authorized by statute for any of Todd's offenses.

The State filed a trial information in June 2016, charging Todd with burglary in the third degree for breaking into a Waterloo residence in late May 2016. The State filed a second trial information in August 2016, alleging robbery in the first degree and interference with official acts for an armed invasion of a liquor store in late July and a struggle with arresting police officers. The State filed a third trial information in September 2016, alleging burglary in the third degree for a residential break-in in late December 2015.

---

[1] We review Todd's sentence for correction of legal error and will not reverse unless we find an abuse of discretion or a defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). Because his prison sentence was within the statutory limits, we entertain a presumption in its favor. *See id*. A district court abuses its discretion when it chooses a sentence on untenable grounds. *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). The grounds are untenable when they are "not supported by substantial evidence" or are "based on an erroneous application of the law." *Id*. (quoting *State v. Putman*, 848 N.W.2d 1, 8 (Iowa 2014)).

On the eve of his jury trial for first-degree robbery, Todd pleaded guilty to a reduced charge of robbery in the second degree, as well as first-degree theft, extortion, and interference with official acts. Todd's agreement with the State called for the sentences on the three felonies to run consecutively to each other for a total of twenty-five years with a seven-year mandatory minimum on the second-degree robbery count. Todd also entered *Alford* pleas[2] to the two pending burglary charges. The parties agreed those two five-year prison sentences would run consecutively to each other and consecutively to the robbery case. After entering his pleas, Todd told the district court he wished to proceed to immediate sentencing.

Indicating its intent to follow the joint plea recommendation, the district court imposed an indeterminate thirty-five-year prison term, requiring Todd to serve seventy percent on the ten-year robbery sentence. The court suspended several fines, but imposed the applicable thirty-five percent surcharges, as well as the $125 LEI surcharge. The court viewed the plea agreement as "an appropriate resolution in this matter" and specifically referenced Todd's age of eighteen years. The court reasoned consecutive sentences were proper "because of the severity of the offenses" and "the fact that there was a Taser used in the robbery." The court also noted the "two separate breaking[s] into residences."

---

[2] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

Todd challenges only the sentences on appeal. He alleges the district court abused its discretion by focusing "mainly on the nature of the offenses" and not giving proper consideration to other factors, particularly Todd's age and the fact he had been a juvenile during the first burglary offense. He asks us to remand for a new sentencing hearing. We decline to do so.

In sentencing appeals, we are not called to decide if we would have settled on the same sentence that was imposed by the district court. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). Rather, we exercise the more limited role of checking if the sentence actually imposed by the district court was unreasonable. *Id.* A sentence is reasonable if it takes into account the relevant sentencing factors, including the nature of the crime and its attending circumstances, as well as the defendant's age, character, propensities, and chances of reform. *See State v. August*, 589 N.W.2d 740, 744 (Iowa 1999). A reasonable sentence fits both the offense and the offender. *Id.*

The State argues Todd is "precluded from arguing that the sentencing court abused its discretion by accepting the joint sentencing recommendation that he expressly adopted and endorsed." We agree. When the accused reaches a plea agreement with the State and the court incorporates the recommendations from that agreement in its sentence, the sentence is not "the product of the exercise of the trial court's discretion but of the process of giving effect to the parties' agreement." *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995) (quoting *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983)). We find the sentencing pronouncement gave effect to the parties' plea agreement.

Beyond giving effect to the plea agreement, the district court also reflected on the relevant factors motivating its sentencing choice. The court mentioned Todd's age, but gave greater weight to the dangerous nature of the robbery and the fact that both burglaries were home invasions. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) (holding "right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard"). We find no abuse of discretion in the prison sentence.

Todd also argues the district court erred in imposing the LEI surcharge of $125 on his serious misdemeanor conviction for interference with official acts, in violation of Iowa Code section 719.1 (2016). The LEI surcharge applies to specified chapters and code provisions, but section 719.1 is not one of them. *See* Iowa Code § 911.3. The State concedes the LEI surcharge was not authorized by statute and the district court had no authority to impose it. Accordingly, we remand for the entry of a corrected sentencing order without that surcharge.

**SENTENCES AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED FOR ENTRY OF A CORRECTED SENTENCING ORDER.**