# IN THE COURT OF APPEALS OF IOWA

No. 17-0016
Filed December 20, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MONESHA LASHAY BROUGHTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.

        A defendant appeals the sentences imposed following her convictions for operating while intoxicated and child endangerment. **SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**VOGEL, Presiding Judge.**

Monesha Broughton was charged with operating while intoxicated (OWI), first offense, and child endangerment. *See* Iowa Code §§ 321J.2, 726.6 (2016). Broughton waived her right to a jury trial and stipulated to a trial to the court on the minutes. The court found Broughton guilty as charged. Broughton asked for immediate sentencing and declined the opportunity to address the court in mitigation of punishment. *See* Iowa R. Crim. P. 2.23(3)(d).

During the sentencing portion of the hearing, defense counsel informed the court that Broughton was not asking for a deferred judgment. The court then stated, "So, basically, we have a plea agreement," and defense counsel answered, "Yes."

The court then sentenced Broughton "based on the plea agreement" to two years in prison, with all but two days suspended, and placed her on probation for one year. The written sentencing order stated the court found the following factors the most significant in determining Broughton's sentences:

| | | |
|---|---|---|
| ☑ The nature and circumstances of the crime | ☐ Statutory sentence requirements | ☐ Victim impact statement |
| ☑ Protection of the public from further offenses | ☐ Defendant's statement | ☐ Defendant's age and character |
| ☑ Defendant's criminal history | ☐ Defendant's mental health history | ☐ Defendant's employment |
| ☐ Defendant's substance abuse history | ☐ Defendant's family circumstances | ☑ The Plea Agreement |
| ☑ Defendant's propensity for further criminal acts | ☑ Maximum opportunity for rehabilitation | ☐ ____ |

On appeal, Broughton asserts the district court abused its discretion in sentencing her by failing to place on the record sufficient reasons for selecting the sentences imposed. *See* Iowa R. Crim. P. 2.23(3)(d) ("The court shall state on the record its reasons for selecting the particular sentence."). She asserts the court only referenced an undisclosed "plea agreement." She further states the check-marked reasons on the sentencing order are "post hoc justifications" that were not

considered by the court when determining her sentences. In support of her assertion, she notes the court's statements at the sentencing hearing do not mention any of the factors listed in the order except for the "plea agreement." In addition, she asserts the court did not learn the details of her situation, such as her employment status, family make-up, and substance abuse evaluation results, before the court selected the sentences because she had waived the right to have a presentence investigation report prepared and no one informed the court regarding this information until after the sentence had been pronounced. Broughton asks that we vacate her sentences and remand the case for resentencing.

Our review of the district court's sentencing decision is for an abuse of discretion, so long as the sentence falls within the statutory limitations. *State v. Thacker*, 862 N.W.2d 402, 405 (Iowa 2015). "In exercising discretion, the district court must 'weigh all pertinent matters in determining a proper sentence, including the nature of the offense, the attending circumstances, the defendant's age, character, and propensities or chances for reform.'" *Id.* (citation omitted). The district court must provide the reasons for its sentencing decision on the record so that "a reviewing court will be able to assess whether there has been an abuse of discretion." *Id.* at 407. "[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" *Id.* at 408 (citation omitted).

We note the court indicated at the sentencing hearing that it was imposing the sentences in accordance with the "plea agreement," but there had been no

guilty plea.[1]  The adjudication of guilt followed a trial on the minutes.  Even if there had been a plea agreement, the record is devoid of any indication as to the details of the agreement.  *See id.* at 410 (vacating a sentence and remanding for resentencing where the record failed to include the details of the plea agreement and, thus, it was unclear if the court was merely giving effect to the parties' plea agreement or independently exercising its discretion).  We also note the court's sentencing order indicated it considered a number of factors in reaching the sentencing decision but included among those factors was the "plea agreement."  We agree the use of sentencing forms and check boxes is not improper.  *See State v. Thompson*, 856 N.W.2d 915, 921 (Iowa 2014) ("In this age of word processing, judges can use forms, such as the one available in this case, to check the boxes indicating the reasons why a judge is imposing a certain sentence.").  However, because of the reference to a "plea agreement" in both the sentencing transcript and the sentencing order, this court is unable to determine whether the district court properly exercised its discretion in sentencing Broughton.  Therefore, her sentences must be vacated, and the case is remanded for resentencing.

**SENTENCES VACATED AND REMANDED FOR RESENTENCING.**

---

[1] *See State v. Cason*, 532 N.W.2d 755, 757 (Iowa 1995) (noting where the sentencing order is "merely giving effect to the parties' agreement," the district court does not abuse its discretion "in failing to state reasons for the sentence imposed").