# IN THE COURT OF APPEALS OF IOWA

No. 19-1193
Filed April 15, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TASHIEYANA LORETTA ONEAL,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Black Hawk County, Patrice J. Eichman, District Associate Judge.

    The defendant appeals the sentences imposed by the district court for her convictions of driving while barred and eluding. **AFFIRMED.**

    John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

    Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

    Considered by Bower, C.J., and Greer and Ahlers, JJ.

**GREER, Judge.**

Tashieyana ONeal appeals the sentences imposed for her convictions of driving while barred, an aggravated misdemeanor, and eluding, a serious misdemeanor.[1]  After pleading guilty to the charges,[2] ONeal now asserts the trial court abused its discretion by sentencing her to six days in jail.  We affirm.

First, we review sentencing decisions for an abuse of discretion.  *State v. Crooks*, 911 N.W.2d 153, 161 (Iowa 2018).  "We give sentencing decisions by a trial court a strong presumption in their favor."  *State v. Hopkins*, 860 N.W.2d 550, 553 (Iowa 2015).

Despite her complaint about a six-day jail term, ONeal concedes she agreed in writing to the "six days in jail on both counts concurrent to each other" sentencing recommendation that the trial court followed.  Yet her only complaint is "that the trial court abused its discretion in imposing the concurrent six day jail sentence."  ONeal wants probation.  Other than addressing the broad discretion of the court to enter sentencing terms, ONeal offers no details of how the court abused its discretion.  There are no allegations the State or the trial court departed from the terms of the plea agreement.  There are no allegations the trial court failed to recite the reasons for imposing the sentence.  *See State v. Cason*, 532 N.W.2d 755,

---

[1] Because ONeal's sentencing occurred before July 1, 2019, amended Iowa Code section 814.6(1)(a)(3) (2019) (limiting appeals from guilty pleas) does not apply here.  *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("Iowa Code sections 814.6 and 814.7, as amended, do not apply to a direct appeal from a judgment and sentence entered before July 1, 2019.").

[2] The signed plea agreement terms were a sentence of six days in jail on both counts, terms to run concurrently, a $315 fine with a 35% surcharge, a suspended fine of $625 and the 35% surcharge, and all other companion charges dismissed.  And ONeal could serve her jail terms in increments of forty-eight hours.

756–57 (Iowa 1995) (holding that a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it "was merely giving effect to the parties' agreement").

The bottom line is that the trial court "merely g[ave] effect to the parties' agreement." *See id.* ONeal suggests six days in jail is unreasonable and that instead probation is appropriate. With no basis for her suggestion, we hold that the trial court did not abuse its discretion in giving effect to the parties' agreement. *See State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983) (holding the sentence appropriately reflected the parties' agreement and thus was not the exercise of trial court discretion). We affirm the sentence of the trial court.

**AFFIRMED.**