# IN THE COURT OF APPEALS OF IOWA

No. 20-1338
Filed August 4, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ELIAZAR GAMA,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, Terry R. Rickers, Judge.

Eliazar Montoya Gama appeals the district court's adoption of the parties' joint sentencing recommendation. **AFFIRMED**

Nicholas A. Sarcone of Stowers & Sarcone PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Eliazar Montoya Gama appeals the district court's adoption of the parties' joint sentencing recommendation. We affirm.

In April 2019, seventeen-year-old Gama was with three friends when he shot and killed Sakira Bonner during a drug deal turned robbery-gone-bad. The State charged Gama with murder in the first degree, a class "A" felony, and robbery in the first degree, a class "B" felony. Pursuant to an agreement with the State, Gama pled guilty to one count of murder in the first degree. Prior to sentencing, the court received a presentence investigation report as well as a detailed evaluation by a forensic psychologist retained by Gama. Gama's psychologist also testified on Gama's behalf at the sentencing hearing. The State and Gama honored their plea agreement by jointly recommending a lifetime sentence with a possibility of parole after thirty years. The sentencing court adopted the parties' joint sentencing recommendation. Gama now appeals the sentence.[1]

We review sentencing decisions for abuse of discretion. *State v. Majors*, 940 N.W.2d 372, 385 (Iowa 2020). A sentencing court abuses its discretion when it

> fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case.[2]

---

[1] Iowa Code section 814.6(1)(a)(3) (2020) restricts a defendant's ability to appeal following a guilty plea. However, it "does not apply to a guilty plea for a class 'A' felony." Iowa Code § 814.6(1)(a)(3). So it does not apply here.

[2] We continue to recognize "the *Snyder–Cason* principle that when a district court simply imposes a sentence agreed to by the parties it does not exercise discretion in a fashion that requires a statement of reasons on the record." *State v. Thacker*, 862 N.W.2d 402, 410 (Iowa 2015); *see id.* at 408–09 (discussing *State v. Snyder*,

*State v. Roby*, 897 N.W.2d 127, 138 (Iowa 2017) (citation omitted).

Section 902.1(2)(b)(2) requires the sentencing court to consider twenty-two factors when imposing sentence on juvenile offenders convicted of class "A" felonies. Gama asserts the court failed to properly consider three mandatory factors: his age and the features of youthful behavior; the family and home environment; and the circumstances of the particular crime and those relating to youth that played a role. *See* Iowa Code § 902.1(2)(b)(2)(q), (r), (s). As Gama notes, these are also among the factors highlighted in cases such as *State v. Roby*, 897 N.W.2d at 145 (endorsing five factors "as guideposts for courts to follow" when conducting individualized sentencing of juvenile offenders).

Based on our review of the record, we conclude the court properly considered the required factors, including those underscored by Gama. To begin, the court made clear it had considered Gama youthful impetuosity, noting:

> Clearly, your level of maturity at the time of the murder wasn't that of a functioning adult. The court has independently reviewed scientific information about brain development in adolescents. The court agrees because of the way an adolescent brain develops, the development of the prefrontal cortex is delayed as opposed to the rest of the brain, and that results in adolescents making foolish, impulsive, ill-thought-out decisions. That was clearly a factor that I have to consider.

The court also considered how Gama's family and home environment may have impacted him as a juvenile offender. The court noted:

> Your family and home environment weren't perfect. They weren't awful either. I think your aunt tried to keep you in line, but you, obviously, resisted her efforts. At some point you decided to do your

---

336 N.W.2d 728, 729 (Iowa 1983), and *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995) (per curiam)). But the State does not argue this principle could apply in this particular case. So we do not consider whether it could.

own thing instead of listening to good counsel and advice from somebody who cares for you. There was no family pressure. I don't see anything in your upbringing that would have necessarily led to the behavior that you demonstrated in this case.

The court also considered the circumstances of this particular crime, including the circumstances of Gama's youth, such as external pressures. The court noted:

> In terms of compulsion or peer pressure, there may have been some. I don't think that was a big issue here. I think that you were the one that concocted this foolish scheme. Obviously, there are at least a couple of folks that decided they'd go along with it.

Also, as noted, the court found there "was no family pressure." And the court plainly identified Gama's role in the crime, noting: "You were the shooter. You are the one that actually killed her."

In short, our review of the record shows that the court properly considered and weighed the required sentencing factors. The district court did not abuse its discretion. We affirm.

**AFFIRMED.**