# IN THE COURT OF APPEALS OF IOWA

No. 22-0908
Filed April 10, 2024

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ARNOLD RAY TOOMER,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Linn County, Kevin McKeever, Judge.

　　A defendant appeals the sentence imposed following his conviction for failure to register as a sex offender, second or subsequent offense. **AFFIRMED.**

　　Kent A. Simmons, Bettendorf, for appellant.

　　Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

　　Considered by Bower, C.J., Greer, J., and Vogel, S.J.*

　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**GREER, Judge.**

Arnold Toomer was convicted of and sentenced for failure to register as a sex offender, second or subsequent offense, a class "D" felony, in violation of Iowa Code sections 692A.103, 692A.104, and 692A.11 (2021). Toomer now appeals his sentence alleging the district court failed to properly exercise its discretion when sentencing him. We affirm.

## I.     Background Facts and Prior Proceedings.

Toomer was convicted of lascivious acts with a child in 1993 and has subsequently been convicted multiple times for sex offender registry violations. In 2021, he again failed to comply with registration requirements by not providing the local sheriff with his current address in a timely manner and, instead, providing an address where he was not residing. While Toomer was charged as a habitual offender pursuant to Iowa Code section 902.8, the enhancement was dropped by the State as part of an agreement that the parties would jointly recommend that Toomer be incarcerated for a term not to exceed five years if he was found guilty by the court. The State recorded this agreement in an uncontested motion to amend the trial information, writing "[t]he plea agreement is that in exchange for the State's agreement to allow [Toomer] to proceed charged without the habitual designation, [he] agrees he will be sentenced to prison for an indeterminate term not to exceed five years upon conviction at the trial on the minutes of testimony."

Following a bench trial on the minutes of testimony, the district court found Toomer guilty of the offense. At Toomer's request, the court immediately proceeded to sentencing. The parties informed the court of their sentencing agreement, and Toomer stated "the agreement with the State [is] that the parties

would agree to a five-year prison sentence" and "this is an agreed-upon sentence." The State agreed and asked "that the court follow the plea agreement." The court elected to follow the parties' agreement, sentencing Toomer to an indeterminate term of incarceration not to exceed five years while also suspending the minimum fine. Toomer appeals.

## II.      Standard of Review.

"We will reverse a decision of the district court when an abuse of discretion occurs or there is some defect in the sentencing procedure." *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014).

## III.      Analysis.

Toomer challenges the sentence imposed, arguing the district court failed to properly exercise its discretion when sentencing him to a term of incarceration for a period not to exceed five years. *See State v. Wilbourn*, 974 N.W.2d 58, 67 (Iowa 2022) (recognizing that sentences that fall within the statutory limits are "cloaked with a strong presumption in its favor" but "when the sentencing court fails to exercise discretion because 'it was unaware that it had discretion,' we typically vacate and remand for resentencing (citations omitted)); Iowa Code § 902.9(1)(e) ("A class 'D' felon, not an habitual offender, shall be confined for no more than five years . . . .").

The crux of Toomer's claim is this statement by the district court:

All right. I find that I should follow the recommendation being made by the attorneys. So, Mr. Toomer, I am going to sentence you to a period of incarceration of not more than five years in the Iowa Department of Corrections, and I am going to suspend the minimum fine in this case.

From this statement Toomer contends the district court abused its discretion by failing to consider more than a single factor when fashioning his sentence. In *Wilbourn*, the Iowa Supreme Court held: "It is not an abuse of discretion for the court to impose a sentence consistent with the parties' plea agreement without giving additional reasons for rejecting other sentencing options." 974 N.W.2d at 67. Toomer claims this does not apply to his situation because there was no *plea* agreement between the parties. He further argues even if the sentencing agreement is equated with a plea agreement for the purposes of the *Wilbourn* rule, then it should be expanded to require consideration of more than a single factor.

We find that the rule in *Wilbourn* applies to the sentencing agreement between the parties here, as *Wilbourn* discussed a "joint sentencing recommendation on the record." *Id.* at 68. And again, our supreme court has held that "a sentencing court does not abuse its discretion for failing to state sufficient reasons for imposing a sentence if it was merely giving effect to the parties' agreement." *State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995). This is so because when imposing an agreed-upon sentence, it is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983). Toomer was successful in obtaining the sentencing agreement he sought and proceeded accordingly. Pursuant to that agreement, the district court sentenced Toomer to exactly what he had requested of the court. A district court need not consider any other factor when giving effect to a sentencing agreement. As we discern no abuse of discretion in the sentencing procedure, we affirm.

**AFFIRMED.**