# IN THE COURT OF APPEALS OF IOWA

No. 24-0412
Filed August 7, 2024

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**BRIAN THOMAS WOODS,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, Judge.

 A defendant appeals his criminal sentences. **AFFIRMED.**

 Gregory F. Greiner, West Des Moines, for appellant.

 Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant Attorney General, for appellee.

 Considered by Tabor, P.J., Schumacher, J., and Mullins, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**MULLINS, Senior Judge.**

Brian Woods pled guilty in three separate cases to interference with official acts while displaying a dangerous weapon, assault while displaying a dangerous weapon, assault with intent to inflict serious injury, and assault causing bodily injury. At the sentencing hearing encompassing all cases, the district court summarily sentenced him in accordance with the terms of the universal plea agreement, which included the foregoing charges being served concurrently with one another but consecutive to the sentence imposed in a separate case.

Woods appeals. While he agrees "that the district court did not depart from the terms of the plea agreement," he argues the district "court erred by not stating on the record nor its sentencing orders the reasons for selecting a particular sentence," which "makes it impossible to assess whether there was an abuse of discretion in sentencing him to a consecutive sentence." But each of the three sentencing orders noted the nature and circumstances of the crimes as well as the plea agreement as the reasons for imposing the consecutive portion of the sentences. *See, e.g.*, *State v. Eaton*, No. 01-2024, 2002 WL 1842923, at *1 (Iowa Ct. App. Aug. 14, 2002) (finding "the nature of the crime" was a sufficient reason for imposing a consecutive sentence). Even if it hadn't, a statement of reasons for selecting a particular sentence is not required when it is "not the product of the exercise of trial court discretion but of the process of giving effect to the parties' agreement." *State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) (quoting *State v. Snyder*, 336 N.W.2d 728, 729 (Iowa 1983)); *accord State v. Wilbourn*, 974 N.W.2d 58, 68 (Iowa 2022) ("It is not an abuse of discretion for the court to impose a sentence consistent with the parties' plea agreement without giving additional

reasons for rejecting other sentencing options."); *State v. Cason*, 532 N.W.2d 755, 756 (Iowa 1995) (per curiam) (noting a statement of "reasons for imposition of sentence would serve no useful purpose" where the parties "have approved a plea agreement and the sentencing court incorporates the plea agreement in the sentence").

Here, the district court provided sufficient reasons for imposing the consecutive portion of the sentences. Even if it hadn't, it wasn't required to. We affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (c), and (e).

**AFFIRMED.**