# IN THE COURT OF APPEALS OF IOWA

No. 24-0887
Filed March 19, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JESSE COLT WILLEY,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Wayne County, Patrick W. Greenwood, Judge.


        A defendant appeals a judgment and sentence following his written guilty plea to operating a motor vehicle without the owner's consent. **AFFIRMED.**


        Richard Hollis, Des Moines, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


        Considered by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

In September 2023, Jesse Willey was charged by trial information with second-degree theft of a vehicle. After a series of trial continuances, he reached a plea agreement with the State in May 2024. Under that agreement, Willey entered a written guilty plea to the reduced charge of operating a motor vehicle without the owner's consent, an aggravated misdemeanor in violation of Iowa Code section 714.7 (2023). The parties agreed to the following sentence: "60 days jail, suspend all but 30, credit for 26 served, $855 fine, suspended. No probation. Status review on August 13, 2024. Balance of suspended jail sentence will be purged if compliant with recommendations" in another case. The written guilty plea outlined the rights that Willey was giving up by pleading guilty and requested immediate sentencing, with a waiver of Willey's right to be present and right of allocution.

The district court accepted Willey's guilty plea the same day that it was entered and imposed the agreed-upon sentence. Willey appeals, claiming the court failed to (1) "ensure that Willey was advised that he waived 'all trial rights' by pleading guilty and that he would not have 'a trial of any kind'"; (2) allow Willey's attorney an opportunity to speak on his behalf; (3) afford Willey his right of allocution; and (4) provide reasons for the sentence. The State moved to dismiss the appeal for lack of good cause and mootness. Our supreme court ordered the motion to be submitted with the appeal.

I.    *Jurisdiction*

"The right to appeal is statutory." *State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024). As a result, unless an appeal is authorized by statute, we are "without

jurisdiction to hear the appeal, and we must dismiss the appeal." *Id.* (internal quotation marks and citation omitted). "Iowa Code section 814.6(1)(a)(3) provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause." *State v. Davis*, 969 N.W.2d 783, 785 (Iowa 2022) (citation omitted). "Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal." *State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022).

Repeating the same arguments that it made in its motion to dismiss, the State maintains that Willey lacks good cause to raise any of his claims on appeal. We disagree, at least as to Willey's challenges to the sentencing hearing, and deny the State's motion to dismiss.

Our supreme court has held that "good cause to challenge a sentence is generally limited to a sentence that is neither mandatory nor agreed to as part of a plea agreement." *State v. Kessler*, No. 22-1388, 2023 WL 3088308, at *1 (Iowa Ct. App. Apr. 26, 2023) (citing *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020)). Yet the court has also recognized that a defendant "has good cause to appeal as a matter of right when the defendant challenges his sentencing hearing or the sentence itself." *Davis*, 969 N.W.2d at 785 (holding defendant established good cause to appeal alleged denial of allocution when the district court imposed a bargained-for sentence); *see also State v. Jackson-Douglass*, 970 N.W.2d 252, 256 (Iowa 2022) (finding good cause for appeal where defendant challenged "the legality of the sentencing hearing"). Because Willey got his foot in the door by alleging defects in the sentencing hearing, *see Kessler*, 2023 WL 3088308, at *1,

we have jurisdiction to review his other claims as well. *Wilbourn*, 974 N.W.2d at 66. But that doesn't get Willey far, as we explain below.

II. *Guilty Plea*

Willey challenges the adequacy of his written guilty plea, specifically the alleged failure to advise him that "by pleading guilty the defendant waives all trial rights and there will not be a trial of any kind," as required by Iowa Rule of Criminal Procedure 2.8(2)(b)(6). Along the same lines as its good-cause challenge to this claim, the State contests error preservation, pointing out that Willey failed to file a motion in arrest of judgment. While such a failure "usually precludes appellate review of alleged plea defects," that rule does not apply unless the defendant is adequately advised about the obligation to file the motion and the consequences of failing to do so. *Hightower*, 8 N.W.3d at 535–36. The State concedes that the advisory Willy received was insufficient. But because Willey requested and received immediate sentencing, the State argues that he waived his right to file the motion, and appellate relief is precluded. *See State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 (Iowa Ct. App. Sept. 4, 2024). Whether the State is correct or not, Willey's guilty-plea challenge fails for another reason. He has made no claim that he "more likely than not would not have pled guilty if the defect had not occurred," as required by Iowa Code section 814.29. We accordingly have no authority to vacate his guilty plea. *See id.*

III. *Sentencing Hearing and Sentence*

Moving on to Willey's sentencing challenges, we first address the State's assertion that these claims are moot because "[o]n June 24, 2024, the Wayne County Jail reported that Willey served his sentence in this case." Willey does not

dispute that he served the unsuspended portion of his sentence. "Generally, discharge of a sentence renders a challenge to the sentence moot." *State v. Johnson*, No. 16-0976, 2017 WL 2684342, at *2 (Iowa Ct. App. June 21, 2017) (collecting cases). But the State does not address the suspended portion of Willey's sentence, which may still be hanging over his head. As a result, we cannot conclude that our opinion would be of no force or effect. *State v. Avalos Valdez*, 934 N.W.2d 585, 589 (Iowa 2019) ("The key in assessing whether an appeal is moot is determining whether the opinion would be of force or effect in the underlying controversy." (citation omitted)).

Turning to the merits of the sentencing challenges, Willey argues that the district court failed to allow defense counsel the opportunity to speak on his behalf or afford him the right of allocution, as required by Iowa Rule of Criminal Procedure 2.23(2)(d)(2) and (3). As the State points out, Willey's written guilty plea waived his "right to a hearing in open court for [the] guilty plea and sentencing" and his right to allocution. *See Johnson*, 2017 WL 2684342, at *1 (collecting cases holding that a defendant can waive the right to be present at sentencing and the right of allocution). But the court's judgment and sentencing order states that the prosecutor, defense counsel, and Willey "appear[ed] personally"—although there is no court reporter memorandum or transcript of a sentencing hearing in the record before us. *Cf. State v. Moore*, No. 22-1129, 2023 WL 4755543, at *3 (Iowa Ct. App. July 26, 2023) (concluding that a defendant who had waived his right to allocution but personally appeared at the sentencing hearing was entitled to exercise the right). In any event, we agree with the State's alternative argument that any error in failing to allow defense counsel and Willey an opportunity to speak

was harmless since the court imposed the agreed-upon sentence. *See State v. Cason*, 532 N.W.2d 755, 757 (Iowa 1995) (concluding that the court's failure to afford a defendant the right to allocution was harmless when the defendant and defense counsel "affirmatively stated that they agreed to the recommendation of sentence proposed by the State").

Willey's final claim—that the district court abused its discretion in failing to state the reasons for its sentence—fails for the same reason. Because the court gave effect to the parties' agreement, "stating reasons for imposition of sentence would serve no useful purpose, and any failure to abide by the terms of rule [2.23(2)(g)] was harmless." *Id.* at 756.

So, although Willey got his foot in the door to appeal, he has raised no claims that open the door to relief. We accordingly affirm the judgment and sentence of the district court.

**AFFIRMED.**

Ahlers, P.J., concurs; Buller, J., dissents.

**BULLER, Judge** (dissenting).

In my view, this appeal should have been dismissed for lack of "good cause." *See* Iowa Code § 814.6(1)(a)(3) (2023). A criminal defendant establishes "good cause" by advancing "a claim on appeal for which an appellate court potentially could provide relief." *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022). Yet here, Willey has not advanced any claim for which we could potentially provide relief:

- For the guilty-plea waiver of rights and related advisory, Willey requested and received immediate sentencing. Our court recently and unanimously held this "precludes appellate relief." *See State v. Evans*, No. 23-0558, 2024 WL 4039571, at *1 (Iowa Ct. App. Sept. 4, 2024). And the majority admits we "have no authority" to reverse because relief is separately barred by Iowa Code section 814.29 (requiring a defendant to prove he probably would not have pled guilty absent a defect in plea proceedings).

- As to allocution, Willey expressly waived his right to appear and, under controlling case law, he is not entitled to appellate relief because he received the bargained-for sentence. *See State v. Cason*, 532 N.W.2d 755, 756–57 (Iowa 1995) (per curiam).

- And regarding reasons for sentence, Willey received the bargained-for sentence and, again under controlling case law, he is not entitled to appellate relief as a matter of law. *See State v. Wilbourn*, 974 N.W.2d 58, 67–68 (Iowa 2022).

There is no "good cause" for this appeal. Deciding it on the merits wastes judicial resources. And I grow tired of attempts to evade the General Assembly's clear intent to "curtail frivolous appeals from guilty pleas." *State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020). Because I would dismiss this frivolous guilty-plea appeal in compliance with section 814.6(1)(a)(3) rather than spend six pages to say we cannot provide relief, I dissent.